Case 2:23-cv-10874-SPG-AS   Document 1-1   Filed 12/29/23   Page 1 of 17   Page ID #:10

**EXHIBIT A**

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2023 1:56 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

DANIEL E. PARK, State Bar No. 174524
dpark@parkllp.law
ALISA M. MORGENTHALER, State Bar No. 146940
amorgenthaler@parkllp.law
JASON H. WOLTMAN, State Bar No. 314122
jason@parkllp.law
WIL J. RIOS, State Bar No. 342653
wil@parkllp.law
SAMUEL F. IZZO, State Bar No. 348456
sam@parkllp.law
**PARK LLP**
201 N. Brand Blvd., Suite 200
Glendale, CA 91203
Telephone: (213) 616-7438
Facsimile: (818) 484-3325

**Attorneys for Plaintiffs**
SHANGJIN CHEN and DANHONG CHEN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| SHANGJIN CHEN, an individual; DANHONG CHEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a New York corporation; BANK OF AMERICA, N.A., a Delaware corporation; MERRILL LYNCH, PIERCE, FENNER & SMITH INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | **COMPLAINT FOR:** 23STCV28646<br><br>**(1) VIOLATION OF CALIFORNIA'S CONSUMER PRIVACY ACT ("CCPA"), CAL. CIV. CODE §§ 1798.100, ET SEQ.**<br>**(2) VIOLATION OF CALIFORNIA'S CONSUMER RECORDS ACT ("CRA"), CAL. CIV. CODE §§ 1798.80, ET SEQ.**<br>**(3) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, BUS. AND PROF. CODE § 17200, ET SEQ.**<br>**(4) BREACH OF FIDUCIARY DUTY**<br>**(5) VIOLATION OF CALIFORNIA'S COMMERCIAL CODE §§ 11101, ET SEQ.**<br>**(6) CONVERSION**<br>**(7) BREACH OF CONTRACT**<br>**(8) NEGLIGENCE**<br>**(9) DECLARATORY RELIEF** |

1
**COMPLAINT**

Plaintiffs Shangjin Chen and Danhong Chen (collectively "Plaintiffs") bring this Complaint against Defendants JPMorgan Chase Bank, N.A. ("Chase"), Bank of America, N.A. ("Bank of America"), and Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") (collectively, "Defendants"), and allege as follows:

## INTRODUCTION

1. This Complaint arises from a distressing sequence of events in which an unidentified imposter was able to exploit security vulnerabilities in Plaintiffs' bank accounts due to Defendant banks' negligent and careless conduct in the maintenance of their security systems, resulting in severe financial harm to Plaintiffs.

2. The imposter's actions began with the deactivation of Plaintiff Danhong Chen's linked phone number on her accounts with Defendants. This initial breach enabled the imposter to manipulate account passwords, breaching Plaintiffs' financial defenses and gaining access to highly confidential information. Concurrently, the imposter tampered with the linked email addresses associated with Plaintiffs' accounts, further jeopardizing the overall security of their banking affairs. The culmination of these unauthorized changes resulted in fraudulent wire transfers **exceeding $1 million**, which were directed and transferred to a Coinbase account, obstructing efforts to trace and recover the funds.

3. The subsequent investigation, conducted by Defendant Bank of America, uncovered even more unsettling revelations. The imposter had fabricated a counterfeit ID bearing Plaintiffs' name with remarkable precision, featuring their own photographs. Moreover, the imposter altered the gender on the fabricated ID from female to male and physically visited a local branch to engage in these fraudulent activities.

4. Despite these findings, Defendants have refused to accept responsibility for reimbursing the absconded funds, despite their failure to adequately safeguard Plaintiffs' accounts. Defendant Bank of America falsely asserts that Plaintiffs authorized the transactions. Defendant Chase asserts that the time frame to request reimbursement has passed according to Plaintiffs' Deposit Account Agreement. However, under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds

transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank's notification of the payment, a right which cannot be modified by agreement. The comment to § 11505 further provides an obligation to refund, which "may not . . . be varied by agreement."

5.  As a result, Plaintiffs seek compensatory and punitive damages, restitution, interest, and attorneys' fees and costs and any other remedies available under the law and equity.

## THE PARTIES

6.  Plaintiff Shangjin Chen is, and at all relevant times herein was, a resident of Los Angeles County, California.

7.  Plaintiff Danhong Chen is, and at all relevant times herein was, a resident of Los Angeles County, California.

8.  Defendant Bank of America, N.A., a Delaware Corporation, is and was at all relevant times herein, doing business in Los Angeles County, California.

9.  Defendants JP Morgan Chase Bank, N.A., a New York Corporation, is and was at all relevant times herein doing business in Los Angeles County, California.

10. Defendant Merrill Lynch, Pierce, Fenner & Smith Inc., a Delaware Corporation, is and was at all relevant times herein, doing business in Los Angeles County, California.

11. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants sued as Does 1 through 10 are unknown to Plaintiffs at this time. Plaintiffs, therefore, sue these Doe Defendants by these fictitious names and will request leave to amend this complaint to allege their true names and capacities when ascertained.

12. Plaintiffs are informed and believe and allege that Does 1 through 10 are responsible in some manner for the events and happenings alleged in this complaint and proximately caused the damages alleged. Plaintiffs are informed and believe and allege thereon that each of the Defendants is the agent, employee, servant and partner or joint venturer of each other and was acting within the course and scope of that employment or agency or in furtherance of the interests of each other in doing the acts and omissions alleged in this complaint.

///

**JURISDICTION AND VENUE**

13. Jurisdiction is proper in this Court pursuant to California Code of Civil Procedure Section 410.10.

14. This Court is the proper forum for the adjudication of this action pursuant to California Code of Civil Procedure section 395(a). Defendants are subject to the personal jurisdiction of this Court in the County of Los Angeles. Further, a substantial part of the events giving rise to the claims in this Complaint have occurred and continue to occur in the County of Los Angeles.

**FACTUAL ALLEGATIONS**

15. In or around 2012, Plaintiffs each opened an account with Bank of America (the "BoA accounts"). Plaintiff Shangjin Chen ("Shangjin") opened both a savings and checking account with Bank of America. For ten years, these accounts were only very occasionally used and there were very few transactions. Prior to the fraudulent activity, the combined balance in these accounts was approximately $100,000.

16. In 2019, Shangjin opened three accounts with Chase: a savings, checking, and a brokerage account (the "Chase accounts").

17. In or around October 2022, Plaintiffs each opened an account with Merrill Lynch. The affected accounts at Merrill Lynch are identified as "8XM-90G44 (CMA-Edge)" and "681-77J26 (CMA-Edge)." The Merrill Cash Management Accounts (the "CMA Accounts") were utilized for both cash management and brokerage investing. Shangjin initially deposited a total of $600,000 into his account. These funds were allocated for the purchase of bank debentures, which was recommended by his Bank of America financial advisor as a long-term investment strategy.

18. The imposter targeted the Chase accounts first. On October 27, 2022, the imposter attempted to deposit a fake check but was not successful.

19. The first successful fraudulent transaction took place on November 7, 2022, when the imposter visited a physical Chase banking location and managed to withdraw $30,000. Subsequently, the imposter visited various local Chase branches, conducting a total of 16 fraudulent transactions to withdraw funds from Plaintiffs' accounts. Each time, the imposter successfully

withdrew approximately $1,000, $1,500, or $1,700. Chase failed to prevent each of these unauthorized transactions.

20. In or around March 2023, three substantial withdrawals exceeding $9,000 each were executed. Despite the unusual and sudden increase in activity, these transactions did not raise any red flags or trigger any alarms at Chase.

21. On March 28, 2023, the imposter initiated a telephone transfer totaling $1,500. Once more, Chase did not raise any alarms despite the unusual nature of the activity. The imposter then transferred the remaining $80,000 in funds to the imposter's Coinbase wallet. Chase again authorized this $80,000 transfer in its entirety without raising any alarms.

22. In November 2022, Shangjin discovered that all funds in the Chase accounts disappeared. He immediately contacted Chase.

23. According to Chase's investigation, the imposter modified the email address information linked to Plaintiffs' bank accounts so that no updates or notifications of transactions may be sent to Plaintiffs. They also deactivated Shangjin's phone number which was linked to his accounts.

24. Chase failed to perform any due diligence to verify or stop these changes to the personal information associated with Plaintiffs' bank accounts. They also failed to notify Plaintiffs of these changes to their account information.

25. In or around May 2023, Plaintiff Danhong Chen ("Danhong") realized that her Bank of America accounts had also been compromised. She discovered that all the funds held in her Bank of America savings and checking accounts had vanished, totaling approximately $450,000. Immediately, Danhong visited her local bank branch, where she was informed that the $450,000 had been transferred to a joint account created in the names of Danhong and her brother, Shangjin.

26. In response to these alarming events, Bank of America undertook an investigation, which revealed that the imposter had forged a counterfeit ID bearing Danhong's name. The imposter further manipulated the fabricated ID by altering the gender from female to male and inserting their own photograph. The imposter then visited a local Bank of America branch in-person. During this branch visit, the imposter established a new joint account under both Shangjin's

and Danhong's names.

27. From February 1, 2023, through May 16, 2023, numerous transactions were conducted to transfer approximately $450,000 in funds to the fraudulent joint account from Shangjin's checking and savings accounts. Bank of America did not halt any of these transactions, even though these accounts had remained dormant with minimal activity over the years, making them prime targets for the impostors.

28. The imposter also targeted the Merrill Lynch CMA accounts and made an unsuccessful attempt to sell the debenture. Shangjin's financial advisor, who initially recommended the investment in the debenture, did not notice or raise any alarms regarding this unusual activity.

29. The imposter managed to successfully sell the debenture between February 15, 2023, and April 28, 2023. During this period, approximately 50-60 transactions were executed to liquidate the $600,000 debenture. The proceeds, totaling $600,000, were subsequently transferred incrementally to Shangjin's personal and savings accounts.

30. Bank of America and Merrill Lynch failed to perform any due diligence to verify or stop these changes to the Plaintiffs' debenture CMA accounts.

31. The imposter utilized these funds, totaling over $1 million, for their living expenses, investments on Coinbase, and entertainment purposes from December 2022 through May 16, 2023.

32. On May 24, 2023, Plaintiffs initiated a claim with Chase regarding their accounts.

33. On May 26, 2023, Plaintiffs initiated a claim with Bank of America regarding their accounts.

34. On August 8, 2023, Chase reached out to Plaintiffs regarding their claim, asserting that the time frame to request reimbursement had passed, referring to the Deposit Account Agreement.

35. On August 15, 2023, Bank of America reached out to Plaintiffs, stating that they authorized the transactions.

36. Following extensive investigations conducted by both Defendants Chase and Bank of America, both institutions have refused to accept any responsibility for reimbursing the absconded funds, leaving Plaintiffs in a state of financial distress, in violation of Consumer Credit

Card laws. These institutions have a duty to protect and refund their customers in such circumstances, a duty which they have thus far neglected and breached.

### FIRST CAUSE OF ACTION

**(Violation of California's Consumer Privacy Act ("CPA"), Cal. Civ. Code §§ 1798.100, et seq.)**

(Against All Defendants)

37. Plaintiffs hereby re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

38. Plaintiffs alleges a cause of action against Defendants for violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100 et seq. Under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank notified the payment, a right which cannot be modified by agreement. The comment to § 11505. further provides an obligation to refund, which "may not . . . be varied by agreement."

39. Under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank notified the payment, a right which cannot be modified by agreement. The comment to § 11505. further provides an obligation to refund, which "may not . . . be varied by agreement."

40. Each Plaintiff is a natural person and is a "consumer" as defined in the CCPA.

41. Defendants, identified as Bank of America, Merrill Lynch and Chase Bank, are each individual a "business" as defined in the CCPA, and therefore are subject to liability under the CCPA.

42. Defendants collected, stored, and processed Plaintiffs' personal information, as defined in Cal. Civ. Code § 1798.81.5(d)(1)(A), which included but was not limited to Plaintiffs'

1 first and last names, account numbers or credit or debit card numbers, in combination with required

2 security codes, access codes, or passwords necessary for accessing Plaintiffs' financial accounts.

3      43.    Defendants failed to encrypt or redact Plaintiffs' personal information or implement

4 any other adequate security measures to safeguard this sensitive data.

5      44.    By storing Plaintiffs' personal information in a nonencrypted and nonredacted form,

6 or in some other form that permitted unauthorized individuals to access that information,

7 Defendants breached their duty to implement and maintain reasonable security procedures and

8 practices appropriate to the nature of Plaintiffs' personal information, as required by the CCPA.

9      45.    As a direct and proximate result of Defendants' negligent failure to secure Plaintiffs

10 personal information, unauthorized individuals gained access to Plaintiffs sensitive financial data.

11     46.    This unauthorized access led to a shocking breach of security, wherein an

12 unidentified impostor, armed with access to Plaintiffs personal information, took malicious actions

13 against Plaintiffs' financial well-being.

14     47.    During the middle of 2022, the impostor deceitfully established a new joint account

15 under both Plaintiffs' names.

16     48.    Funds were strategically channelled, commencing with a transfer from the account

17 into the newly created joint account and subsequently into Plaintiffs' individual accounts.

18     49.    After these unauthorized manoeuvres, the entire misappropriated sum was directed

19 and transferred to a Coinbase account, making recovery and tracing of these funds even more

20 challenging.

21     50.    Following extensive investigations conducted by both Chase and Bank of America,

22 both institutions have declined to accept any responsibility for reimbursing the absconded funds,

23 leaving Plaintiffs in a state of financial distress and uncertainty.

24     51.    As a direct and proximate result of the unauthorized disclosure of personal

25 information and the subsequent financial losses incurred, Plaintiffs suffered significant injuries and

26 loss of money and privacy interests.

## SECOND CAUSE OF ACTION

**(Violation of California's Consumer Records Act ("CRA"), Cal. Civ. Code §§ 1798.80, et seq.)**

(Against All Defendants)

52. Plaintiffs hereby re-allege and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

53. Defendants acquired and maintained Plaintiffs' personal information, including but not limited to their name, social security number, bank account numbers, and other sensitive financial data, which falls within the definition of "personal information" under Civ. Code § 1798.8(e).

54. The CRA § 1798.80 et seq., was enacted with the primary purpose of safeguarding personal information about California residents (Civ. Code § 1798.81.5(a)(1)).

55. This statute imposes a duty on businesses that own, license, or maintain personal information about a California resident to implement and maintain reasonable security procedures and practices suitable for the nature of the information, aimed at protecting it from unauthorized access, destruction, use, modification, or disclosure (Civ. Code § 1798.81.5(b)).

56. Under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank notified the payment, a right which cannot be modified by agreement. The comment to § 11505. further provides an obligation to refund, which "may not . . . be varied by agreement."

57. Defendants egregiously violated the CRA by failing to implement reasonable security measures to protect Plaintiffs' personal data. The breach by the unidentified impostor, facilitated by Defendants' negligence, exposed Plaintiffs' sensitive financial information to grave risks, ultimately resulting in significant financial losses.

58. Furthermore, Defendants' failure to comply with the notice provisions of Civ. Code § 1798.82 exacerbated the harm suffered by Plaintiffs. As a direct consequence of this failure, Plaintiffs were not promptly informed of the account breach, depriving them of the opportunity to take timely action to mitigate the damage.

///

## THIRD CAUSE OF ACTION

**(Violation of California's Unfair Competition Law, Bus. and Prof. Code § 17200, et seq.)**

(Against All Defendants)

59. Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

60. Plaintiffs and Defendants are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on an individual basis.

61. "Unfair competition" is defined by Business & Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

62. By and through Defendants' conduct alleged in further detail above and herein, Defendants engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California Business & Professions Code §§ 17200, et seq.

63. Defendants violated the UCL by engaging in unlawful, unfair and fraudulent business acts or practices including but not limited to: (a) falsely misrepresenting that customers such as Plaintiffs would be secured against fraudulent transactions such as that alleged herein; and (b) failing to remedy the harm to Plaintiffs after they suffered the fraudulent transactions.

64. Defendants' conduct caused and continues to cause substantial injury to Plaintiffs. Plaintiffs suffered injury in fact, including but not limited to loss of money as a result of Defendants' unfair conduct.

65. Under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank notified the payment, a

1  right which cannot be modified by agreement. The comment to § 11505. further provides an
2  obligation to refund, which "may not . . . be varied by agreement."

3        66.      Pursuant to California Business & Professions Code § 17203, Plaintiffs request
4  restitution of all monies absconded by the unidentified intruder through Defendants' violations of
5  Business and Professions Code §§ 17200, et seq.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

(Against All Defendants)

9        67.      Plaintiffs hereby re-allege and incorporate by reference each and every allegation
10 contained above as if fully set forth in detail herein.

11       68.      As a public bank, Defendants owe Plaintiffs the fiduciary duty to act in the utmost
12 good faith, honesty, care, and fairness when handling Plaintiffs' bank accounts.

13       69.      Defendants have breached said duty in the following manner: (a) falsely
14 misrepresenting that customers such as Plaintiffs would be secured against fraudulent transactions
15 such as that alleged herein, and (b) failing to remedy the harm to Plaintiffs after she suffered the
16 fraudulent transaction.

17       70.      Defendants' false representations regarding the security of Plaintiffs' accounts
18 constituted a breach of their fiduciary duty by misleading Plaintiffs and inducing them to trust in the
19 safeguards and security measures that Defendants purported to have in place.

20       71.      Defendants' failure to promptly remedy the harm to Plaintiffs after they suffered the
21 fraudulent transaction is a further breach of their fiduciary duty, as they failed to act in the best
22 interests of Plaintiffs by neglecting their duty to promptly address and rectify unauthorized and
23 fraudulent transactions.

## FIFTH CAUSE OF ACTION

### (Violation of California's Commercial Code § 11101 et seq.)

(Against All Defendants)

27       72.      Plaintiffs hereby re-allege and incorporate by reference each and every allegation
28 contained above as if fully set forth in detail herein.

73. Under Division 11 of the California Commercial Code, California's adoption of Article 4A of the Uniform Commercial Code, which applies to all funds transfers except transfers subject to the Electronic Funds Transfer Act of 1978, 15 U.S.C. § 1693 et seq. (§§ 11102, 11108, 11505.), a customer has one year to object to the payment after the bank notified the payment, a right which cannot be modified by agreement. The comment to § 11505. further provides an obligation to refund, which "may not . . . be varied by agreement."

74. Defendants failed to comply with their obligations under the Commercial Code-Funds Transfer, § 11101 et seq. when they processed a fraudulent wire transfer on Plaintiff's account. Defendants' actions constitute a violation of this section as they failed to execute the transfer in accordance with the prescribed standards, including the failure to have proper security measures in place.

75. Defendants failed to comply with California Commercial Code § 11202, which mandates that a wire transfer should only be performed with proper authorization from the account holder and with a valid security procedure. Defendants initiated a wire transfer from Plaintiffs' account without such authorization and without implementing the required security procedure.

76. Plaintiffs' financial security was breached and the imposter manipulated linked email addresses, thereby laying bare our client's sensitive financial data and further undermining the overall security of their banking affairs.

77. Defendants' non-compliance with CCC §11203 is evident in their acceptance of a payment order not originating from Plaintiffs. This act is a violation of the Code's provisions governing the acceptance of payment orders.

78. This chain of unauthorized alterations culminated in the execution of fraudulent wire transfers, siphoning away approximately $1 million from our client's accounts.

79. Additionally, Defendants violated CCC § 11204(a) by accepting a payment order that was neither authorized by Plaintiffs nor enforceable under the Code. This failure to adhere to the Code's requirements constitutes a breach of statutory obligations.

80. Lastly, Defendant's failure to comply with CCC § 11505 is apparent as Plaintiffs notified Defendants of their objection to the payment, but Defendants neglected to refund Plaintiffs.

This disregard for the objection and the failure to return the funds constitute a violation of this Code section.

### SIXTH CAUSE OF ACTION

**(Conversion)**

(Against Defendants Chase, Merrill Lynch, and Bank of America)

81. Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

82. Plaintiffs was deprived of over $1 million after an imposter took possession of her accounts with Defendants and made unauthorized transfers.

83. Even though Plaintiffs timely notified Defendants of the unauthorized transfers and requested the refund, Defendants wrongfully denied Plaintiffs' claim.

84. Defendants are still in possession of Plaintiffs' $ 1 million.

85. Defendants have and continue to substantially interfere with Plaintiffs' property by **knowingly and intentionally** taking possession of it, preventing Plaintiffs from having access to the subject amount and wrongfully refusing to return it after multiple demands.

86. As a result of Defendants' breach of warranties, Plaintiffs have been damaged in the amount of $1 million and the amount spent in pursuing its collection claim against Defendants, including costs and attorney fees.

87. As a direct and proximate result of Defendants' actions, Plaintiffs seeks punitive damages to be proven at trial.

### SEVENTH CAUSE OF ACTION

**(Breach of Contract)**

(Against All Defendants)

88. Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

89. During or around October 2022 and 2019, Plaintiffs entered into a binding written contract with Bank of America and with Chase Bank respectively.

90. Under these contracts, Bank of America and Chase Bank assumed the responsibility

to provide reasonable security measures, protect Plaintiffs' financial assets, and adhere to Consumer Credit Card Laws, which included safeguarding against unauthorized access and promptly refunding any unauthorized transactions, particularly in cases involving breaches of security.

91. Plaintiffs' contracts with Bank of America and Chase Bank included an implied covenant of good faith and fair dealing, obligating these financial institutions to act in a manner consistent with industry standards, to exercise reasonable care to protect Plaintiffs' financial interests, and to promptly address any breaches or unauthorized transactions.

92. Despite these contractual obligations Bank of America and Chase Bank have breached their respective contracts by failing to:

   a. Provide adequate security measures to protect Plaintiffs' accounts from unauthorized access and breaches of security, as evidenced by the imposter's ability to gain unauthorized access to Plaintiffs' accounts.

   b. Promptly refund the misappropriated funds following the fraudulent wire transfers, in violation of Consumer Credit Card laws and the duty to protect and refund their customers in such circumstances.

   c. Act in accordance with industry standards and exercise reasonable care to prevent unauthorized access to Plaintiffs' accounts and promptly address such breaches when they occur.

   d. As a direct and proximate result of Bank of America's and Chase Bank's breaches of contract, Plaintiffs have suffered substantial financial losses, emotional distress, and uncertainty regarding the recovery of their funds.

   e. Plaintiffs have performed all conditions, covenants, and obligations required by the contracts on their part to be performed.

93. As a direct and proximate result of Bank of America's and Chase Bank's breaches of contract, Plaintiffs have suffered substantial financial losses, emotional distress, and uncertainty regarding the recovery of their funds. Additionally, Plaintiffs had accounts at Bank of America, and the total loss is approximately $1 million. Furthermore, there were originally $250,000 worth of stocks. The perpetrator sold these stocks when the stock market was not doing well, and they sold

for $180,000 in cash, which was then gradually withdrawn by the perpetrator.

## EIGHTH CAUSE OF ACTION

**(Negligence per se)**

(Against All Defendants)

94. Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

95. Defendants owed a duty of care to Plaintiffs to safeguard their financial well-being and protect their accounts from unauthorized access and fraudulent activities.

96. Defendants breached that duty of care by failing to implement sufficient security measures to prevent an unidentified imposter from maliciously deactivating the Plaintiffs' linked phone number to both Chase and Bank of America accounts, in violation of Civil Code sections 1798.100 and 1798.80, as alleged in the First Cause of Action and Second Cause of Action, which allegations are incorporated by reference herein as if set forth in full.

97. These breaches culminated in the execution of fraudulent wire transfers totaling approximately $1 million, resulting in significant financial losses to the Plaintiffs.

98. Additionally, the inability of Defendants to prevent or subsequently rectify the impostor's creation of a counterfeit ID bearing the Plaintiffs' name and their visit to a local Bank of America branch constituted further breaches of duty.

99. The establishment of a new joint account under Plaintiff's name and that of her sister, followed by strategic fund transfers, demonstrates a shocking breach of security and duty on the part of the Defendants.

100. The breaches of duty committed by the impostor were a direct and proximate cause of the unauthorized wire transfers and the misappropriation of funds from Plaintiffs' accounts.

101. As a direct and proximate result of the impostor's actions and the Defendants' failure to prevent them, Plaintiffs suffered severe financial distress and incurred substantial losses.

102. Despite extensive investigations conducted by both Chase and Bank of America, both institutions have declined to accept any responsibility for reimbursing the absconded funds, leaving Plaintiffs in a state of financial distress and uncertainty.

103.  These and other negligent acts in failing to protect the Plaintiffs' accounts from unauthorized access and fraudulent activities have directly resulted in significant financial harm to the Plaintiffs. Therefore, the Plaintiffs seek damages for their losses and any other relief the court deems just and proper.

## NINTH CAUSE OF ACTION

### (Declaratory Relief)

(Against All Defendants)

104.  Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

105.  There is a present controversy between the parties to this action relating to their respective legal rights and duties regarding the transactions that are the subject of this action.

106.  Plaintiffs contend Defendants should have known, made inquiry or discovered that transfers were unauthorized, and should have not accepted those transfers and caused the transfers to be sent.

107.  Plaintiffs further contends that she is entitled to have her accounts recredited with $1 million.

108.  Plaintiffs further contends that Defendants should have accepted her refund claims.

109.  Plaintiffs request that this Court grant declaratory relief that Plaintiffs are entitled to recover the amount of $1 million, plus interests and costs and judicial declaration of Plaintiffs' rights, as more fully set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment to be entered in favor of Plaintiffs against Defendants as follows:

1.  For a declaration that Plaintiffs have a right and are entitled to recover the amount of at $1 million, the exact amount to be proven at trial, plus interests and costs from Defendants.

2.  Judgment in favor of Plaintiffs and against Defendants in the amount of at least $1 million, the exact amount to be proven at trial, plus interest together with costs and other expenses incurred by Plaintiffs as a result of Defendants' breach of warranties and refusals to pay such sum;

3. For costs of suit incurred herein as well as an award of attorneys' fees and costs.

4. For an order imposing a constructive trust.

5. For an award of punitive damages.

Dated: November 22, 2023

**PARK LLP**

By: /s/ Daniel E. Park
Daniel E. Park, Esq.
Attorney for Plaintiffs SHANGJIN CHEN and DANHONG CHEN