# EXHIBIT A

**MCGUIREWOODS LLP**
MOLLY M. WHITE SBN 171448
mwhite@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.956.3423
Facsimile: 310.315.8210

MICAYLEE A. NOREEN SBN 321062
mnoreen@mcguirewoods.com
Two Embarcadero Center
201 Clay Street, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

BRIAN E. PUMPHREY *Admitted Pro Hac Vice*
bpumphrey@mcguirewoods.com
Gateway Plaza
800 E. Canal Street
Richmond, VA 23219-3916
Telephone: 804.775.7745
Facsimile: 804.698.2018

Attorneys for Defendants
Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGJIN CHEN; and DANHONG CHEN, <br><br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC,; and DOES 1 THROUGH 10 <br><br> Defendants. | CASE NO. 2:23-cv-10874-SPB-AS <br><br> **DEFENDANT BANK OF AMERICA, N.A.'S, RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION** <br><br> **(SET ONE)** <br><br> SAC Filed: September 3, 2024 <br> Jury Trial: May 13, 2025 |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Bank of America, N.A. ("BANA"), hereby responds to Plaintiffs Shangjin Chen and Danhong Chen's Requests for Production to Defendant Bank of America, N.A., Set One (the "Requests"), as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Parties have not yet entered into a stipulated Protective Order governing the production of confidential information in discovery.  BANA objects to the production of documents before entry of an agreed Protective Order, as BANA informed Plaintiffs in written correspondence on September 11, 2024.

2.    The Parties have not agreed upon an ESI Protocol governing the production of electronically stored information ("ESI Protocol").  BANA objects to the Requests to the extent they purport to impose an obligation upon BANA in addition to and other than as specifically required by the Federal Rules of Civil Procedure or any order of the Court.

3.    BANA does not intend, and its responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by any Request. BANA's responses, including any actual production of requested information or documents, shall not be construed as an admission of the admissibility or relevance of any information or documents produced in response to the Requests.  BANA reserves all evidentiary objections, including, without limitation, objections to the relevance and admissibility of requested information and documents.

4.    BANA objects to the Instructions and Definitions in the Requests to the extent they purport to impose an obligation upon BANA beyond the requirements of the Federal Rules of Civil Procedure or any order of the Court.

5.    All information provided in response to these Requests is provided based upon information presently available to BANA after a reasonably diligent investigation of the facts from persons likely to have responsive information or

materials, and from a reasonably thorough search through those of BANA's files where requested information, not subject to objection, was likely found.  In the event that any responses change or further or different information becomes available, BANA will timely supplement its response in accordance with the requirements of the Federal Rules of Civil Procedure.

6.     BANA objects to the Definition of "You" or "Your" or "Yourself" or "Defendants" or "Bank" insofar as it includes BANA and any of its affiliates, and/or any other person(s) acting on their behalf or benefit. In BANA's responses and objections, "BANA" only refers to Bank of America, N.A. and does not include any known or unknown subsidiaries, divisions, or affiliates.

7.     BANA objects to the Definition of "Plaintiffs" insofar as it includes Shangjin Chen and Danhong Chen, in addition to any affiliates, and/or any other person(s) acting on their behalf or benefit.  As such, BANA's answers to the Requests are so limited. Plaintiffs include only Shangjin Chen and Danhong Chen.

8.     BANA objects to the Definition of "Answer," which asserts that BANA filed an answer on or about December 27, 2023.  BANA has not yet filed an answer in this case.

9.     BANA objects to the Definition of "Documents" as overbroad, unduly burdensome, and not proportional to the claims and defenses asserted in this action. For example, Plaintiffs' definition includes "computer-sorted and computer retrievable information" with no specification, and lists of "persons attending meetings or conferences, sketches, diagrams, calculations" and more which have no bearing on Plaintiffs' claims, in addition to file folders and tabs which documents may be maintained within.  BANA objects to the extent that it attempts to impose any requirements beyond the scope of the Federal Rules of Civil Procedure and/or the Court's Local Rules.

10.     BANA objects to the Definition of "Electronic Records" as overbroad, unduly burdensome, and not proportional to the claims and defenses asserted in this

3

action. For example, Plaintiffs' definition includes "computer programs, programming notes and instructions, activity listings of email transmittal and receipts, output resulting from the use of any software program" and "any and all miscellaneous files and file fragments" in addition to file "folder tabs, containers and labels" associated with the original document. BANA objects to the extent that it attempts to impose any requirements beyond the scope of the Federal Rules of Civil Procedure and/or the Court's Local Rules.

11. BANA objects to the Definition of "Communications" to the extent it exceeds the requirements as set forth in the Federal Rules of Civil Procedure. Further, Plaintiffs fail to specify the scope of "Communication" as it related to their Requests. For example, they request communications "whether such was by chance, prearranged, formal, or informal" with no explanation as to what constitutes communication that is "prearranged" versus "formal." Plaintiffs are also overbroad in their definition as they request communications including "advertisements, interviews, or seminars" which has no bearing on the facts at issue.

12. BANA objects to the Definition of "Relating to," "Related to," or "Relate(s) to" as overbroad to the extent that they exceed the requirements as set forth in the Federal Rules of Civil Procedure.

13. BANA objects to the Definition of "Relevant Period" as overbroad, unduly burdensome, and not proportional to the needs of the case, as the facts and circumstances as alleged in Plaintiffs' original Complaint, First Amended Complaint, and operative Second Amended Complaint are limited to February 2023 through October 2023.

14. BANA objects to the Definition of "Banking Agreements" as overbroad, unduly burdensome, and not proportional to the claims and defense asserted in this action as that definition is entirely unlimited in time or scope. Indeed, Plaintiffs' definition is unlimited to customer-facing agreement, or even agreements that relate to Plaintiffs' accounts with BANA. BANA further objects to the definition of

4

"Banking Agreements" as overbroad and unduly burdensome to the extent it purports to encompass "any related documentation" such as "policy statements, . . . correspondence related to negotiations, execution, and performance of such agreements."

15.    BANA objects to the Definition of "Imposter" as vague as it is defined as someone "who accessed Plaintiff(s)' accounts without Plaintiff(s)' authorization" and because only Plaintiffs know whether anyone who accessed their accounts had Plaintiffs' authorization, and such information is not in BANA's possession.

16.    BANA objects to Plaintiffs' request that if BANA asserts privilege with respect to any information or document on the grounds of attorney-client privilege, the attorney work-product doctrine, or any other basis that Plaintiffs' instructions on what information must be provided imposes an obligation upon BANA beyond the requirements of the Federal Rules of Civil Procedure or any order of the Court.

17.    BANA objects to the Requests to the extent they seek information that is privileged, by virtue of the attorney-client privilege, work product doctrine, statutory privileges, or is otherwise protected against or privileged from disclosure by law or rule of court.  By responding to the Requests, BANA does not waive, and intends to preserve, all applicable privileges.

18.    BANA objects to Instructions 1, 2, 3, and 4 to the extent they call for Documents or Electronic Records that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities.

19.    BANA objects to Instruction 5 as overbroad and unduly burdensome. Plaintiffs do not explain what it means to "separate" a document, for example they do not explain if they are speaking of physically stapled documents or electronic files. It would be unduly burdensome for BANA to either have to physically attach documents or to compile electronic files, and BANA is under no obligation to do so. Bank of America will produce files in their native form.  BANA objects to this Instruction as

5

1  imposing an obligation on BANA that extends beyond that required by the Federal

2  Rules of Civil Procedure, Local Rules, or any order of the Court.

3      20.    BANA objects to Instruction 7 as unduly burdensome.  BANA is under

4  no obligation to produce documents in any form or manner as requested by Plaintiffs.

5  It poses an undue burden on BANA to produce documents exactly according to

6  Plaintiffs' preferences.

7      21.    BANA objects to Instruction 8 to the extent that it calls for information

8  that is unavailable to BANA.  Should BANA have knowledge of destroyed, lost

9  discarded, otherwise disposed of, or otherwise unavailable Documents or Electronic

10  Records it will identify such documents to the extent it has knowledge of their

11  existence.  Further, it is unduly burdensome for BANA to indicate the (1) date of

12  disposal; (2) manner of disposal; (3) reason for disposal; (4) person authorizing the

13  disposal; and person disposing of the Document or Electronic Record.

14

15  **<u>REQUESTS FOR PRODUCTION</u>**

16  **<u>REQUEST FOR PRODUCTION NO.1:</u>**

17      Produce all DOCUMENTS related to the investigation conducted by YOU

18  regarding the unauthorized access to and transfers from Plaintiff Danhong Chen's

19  BANA accounts.

20  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1</u>**:

21      BANA objects to this Request to the extent it seeks documents that are

22  protected from disclosure by the attorney-client privilege, the work-product doctrine,

23  and all other applicable privileges or immunities.  BANA objects to this Request as

24  "the unauthorized access" is undefined.  BANA objects to this Request as "Plaintiff

25  Danhong Chen's BANA accounts" is undefined.  BANA objects to this Request as

26  overbroad, and unduly burdensome as it is unlimited in time and scope and is vague

27  such that it fails to adequately identify the object of the Request.  BANA objects and

28  declines to respond to the extent this Request seeks disclosure of information relating

to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS that describe the information and criteria used by tellers when verifying a customer's identification during in-person transactions, including any relevant guidelines, protocols, internal notes, reports, security checks performed, or training materials during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances, and BANA's policies and procedures have changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-

7

1  privileged documents responsive to this Request following a meet and confer if
2  discovery continues.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      Produce all DOCUMENTS evidencing or referencing the fabrication of a
5  counterfeit ID by the IMPOSTER, including any reports, photos, or descriptions of
6  the counterfeit ID.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

8      BANA objects to this Request to the extent it seeks information that is protected
9  from disclosure by the attorney-client privilege, the work-product doctrine, and all
10 other applicable privileges or immunities. BANA object to this Request as vague
11 because the terms "a counterfeit ID" and "the counterfeit ID" are not specific and are
12 undefined. This Request would include documents prepared by or for attorneys in
13 response to Plaintiffs' allegations. BANA objects to this Request to the extent it uses
14 the term "Imposter." That term is vague, defined as someone "who accessed
15 Plaintiff(s)' accounts without Plaintiff(s)' authorization," and because only Plaintiffs
16 know whether anyone who accessed their accounts had Plaintiffs' authorization, such
17 information is not in BANA's possession. BANA objects to this Request as calling
18 for confidential information, as the Parties have not yet agreed to a Protective Order.
19 BANA's response and corresponding production of documents is limited to February
20 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs'
21 Request as BANA understands it. Subject to and without waiving these objections,
22 BANA responds as follows:

23     None.

24 **REQUEST FOR PRODUCTION NO. 4:**

25     Produce all DOCUMENTS that YOU contend support YOUR assertion that
26 PLAINTIFFS authorized the transactions as alleged in the Complaint.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

28     BANA objects to this Request as overbroad and unduly burdensome as it is

unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all BANKING AGREEMENTS between Plaintiff Danhong Chen and BANA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

BANA incorporates by reference its objection to the Definition of "Banking Agreements" as stated herein. BANA further objects to the Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has had various agreements with Plaintiffs that are self-updating and may have been updated or changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all COMMUNICATIONS between Plaintiff Danhong Chen and

9

BANA RELATING TO any reports of fraud, suspicious or unusual activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for verifying a customer's identity during transactions including, but not limited to, protocols for maintaining customer identification material, guidelines, training materials, security measures, and any correspondence or documentation related to the verification of customer identity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances, and BANA's policies and procedures have changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for verifying and notifying customers of changes in account ownership or contact information including, but not limited to, without limitation, protocols for mailing notices of changes in email addresses or phone numbers, guidelines, training materials, security measures, and any correspondence or documentation related to customer notification of account changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances, and BANA's policies and procedures have changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for identifying, verifying and notifying customers of unusual account activity including, but not limited to, guidelines, training materials, security measures, and any correspondence or documentation related to the verification of

1  customer identity and notification of account changes.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

3      BANA objects to this Request as overbroad and unduly burdensome as it is

4  unlimited in time and scope and is vague such that it fails to adequately identify the

5  object of the Request.  Indeed, BANA has various policies and procedures depending

6  on the type of account and the circumstances, and BANA's policies and procedures

7  have changed over time.  BANA objects to this Request as calling for confidential

8  information, as the Parties have not yet agreed to a Protective Order.  BANA's

9  response is limited to February 2023 to the date Plaintiffs filed their original

10  Complaint and is based on Plaintiffs' Request as BANA understands it.  Subject to

11  and without waiving these objections, BANA responds as follows:

12      Following entry of a stipulated protective order, BANA will produce non-

13  privileged documents responsive to this Request following a meet and confer if

14  discovery continues.

15  **REQUEST FOR PRODUCTION NO. 10:**

16      Produce all DOCUMENTS that describe or detail the information that was

17  required from a customer when opening an account with DEFENDANT including,

18  but not limited to, application forms, identification documents, proof of address,

19  financial statements, reference letters.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

21      BANA objects to this Request as overbroad and unduly burdensome as it is

22  unlimited in time and scope and is vague such that it fails to adequately identify the

23  object of the Request.  BANA objects to this Request as overly broad and unduly

24  burdensome as Plaintiffs' claims against BANA as there is no dispute over the

25  opening of Plaintiffs' BANA accounts.  As such, BANA objects to this Request as it

26  seeks information not relevant to any claims or defenses and not likely to lead to the

27  discovery of admissible evidence.  BANA objects to this Request as calling for

28  confidential information, as the Parties have not yet agreed to a Protective Order.

DEFENDANT BANK OF AMERICA, N.A.'S RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE

**REQUEST FOR PRODUCTION NO. 11:**

Produce all copies of any DOCUMENTS that DEFENDANT have [sic] of Plaintiff Danhong Chen's driver's licenses and records indicating PLAINTIFFS' [sic] genders including, but not limited to, scanned copies, photocopies, or any other format in which such documents are maintained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS evidencing the IMPOSTER and their activities, including, but not limited to, scanned copies, photocopies, or any other format of fraudulent documents produced by the IMPOSTER; video footage or photographs of the IMPOSTER; identification documents; account statements; and any other form of documentation or evidence related to the activities of the IMPOSTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

BANA objects to this Request to the extent it uses the term "Imposter."  That term is vague, defined as someone "who accessed Plaintiff(s)' accounts without Plaintiff(s)' authorization," and because only Plaintiffs know whether anyone who accessed their accounts had Plaintiffs' authorization, such information is not in BANA's possession.  BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA further objects to this Request to the extent that it seeks disclosure of

13

information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and the applicable regulatory guidance. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS related to the IMPOSTER's attempted and successful withdrawal or transfer of funds from any BANA accounts including, but not limited to, transaction statements, withdrawal slips, electronic fund transfer records, and account activity logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

BANA incorporates its objection to the Definition of "Imposter." BANA objects to this Request as "any BANA accounts" is undefined, overbroad, and vague. BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. BANA further objects to this Request to the extent that it seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and the applicable regulatory guidance. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is

14

based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTATION between PLAINTIFFS and any BANA financial advisors including, but not limited to, emails, letters, notes, memos, reports, financial statements, investment advice, agreements, and any other correspondence or documentation exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  BANA objects to this Request as vague because the term "BANA financial advisors" is not specific and is undefined.  BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  BANA's response is based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving these objections, BANA responds as follows:

None.

**REQUEST FOR PRODUCTION NO.15:**

Produce all DOCUMENTS showing the transactions and balances of the accounts held by PLAINTIFFS with DEFENDANT including, but not limited to, account statements, transaction histories, deposit slips, withdrawal records, balance summaries, and any other documentation or records that reflect the financial activities and monthly balances of PLAINTIFFS' accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

BANA objects to this Request as overbroad, and unduly burdensome as it is

15

unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request and, as written, seeks information spanning more than a 10-year period. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS that describe YOUR requirements for viewing, storing, and checking PLAINTIFFS' identification, including any procedures, guidelines, or training materials used by BANA during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances, and BANA's policies and procedures have changed over time. BANA objects to this Request to the extent it seeks documents reflecting how BANA views and stores Plaintiffs' identification, which is nonsensical. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-

16

privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS related to YOUR policies and procedures for notifying customers of changes to passwords and phone numbers linked to their accounts, including any notification protocols, guidelines, and any related correspondence during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances at issue, and BANA's policies and procedures have changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS related to YOUR policies and procedures during the RELEVANT PERIOD for changing passwords and phone numbers linked to customer accounts, including any guidelines, protocols, training materials, and internal communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

BANA objects to this Request to the extent it is duplicative of Request Nos. 8 and 17. BANA objects to this Request as overbroad and unduly burdensome as it is

unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, BANA has various policies and procedures depending on the type of account and the circumstances, and BANA's policies and procedures have changed over time. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS related to the creation of the joint account in the names of PLAINTIFFS, including account application forms, identification verification documents, and any internal approvals or notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

BANA objects to this Request as "the joint account" is not specific and is undefined. BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 20:**

Provide all account statements, transaction histories, and activity logs for all accounts held by the PLAINTIFFS during the RELEVANT PERIOD.

DEFENDANT BANK OF AMERICA, N.A.,'S RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

2       BANA objects to this Request to the extent it is duplicative of Request No. 15.

3  BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited

4  in time and scope and is vague such that it fails to adequately identify the object of

5  the Request and, as written, seeks information spanning more than a 10-year period.

6  BANA objects to this Request as calling for confidential information, as the Parties

7  have not yet agreed to a Protective Order.  BANA's response and corresponding

8  production of documents is limited to February 2023 to the date Plaintiffs filed their

9  original Complaint and is based on Plaintiffs' Request as BANA understands it.

10  Subject to and without waiving these objections, BANA responds as follows:

11       Following entry of a stipulated protective order, BANA will produce non-

12  privileged documents responsive to this Request following a meet and confer if

13  discovery continues.

14  **REQUEST FOR PRODUCTION NO. 21:**

15       Provide copies of any DOCUMENTS involving the deposit of fake checks into

16  the PLAINTIFF's accounts, including any verification DOCUMENTS and records of

17  transactions.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

19       BANA objects to this Request as overbroad, and unduly burdensome as it is

20  unlimited in time and scope and is vague such that it fails to adequately identify the

21  object of the Request. BANA further objects to the Request as vague because the

22  phrase "fake checks" is not specific and is undefined.  BANA objects to this Request

23  as calling for confidential information, as the Parties have not yet agreed to a

24  Protective Order.  BANA's response and corresponding production of documents is

25  limited to February 2023 to the date Plaintiffs filed their original Complaint and is

26  based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving

27  these objections, BANA responds as follows:

28       None.

**REQUEST FOR PRODUCTION NO. 22:**

Provide all DOCUMENTATION RELATING TO the fraudulent creation of a new account in the Plaintiff Shangjin Chen's name, including the application form, verification DOCUMENTS, and ID used to open the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Bana further objects to this Request because the phrase "fraudulent creation of a new account" is not specific and is undefined.  BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.   BANA's response is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving these objections, BANA responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS RELATING TO the counterfeit ID presented by the IMPOSTER, including copies of the ID, forms of verification used, and any COMMUNICATIONS RELATING TO the acceptance of the ID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

BANA objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. BANA objects to this Request because the term "the counterfeit ID" is not specific and is undefined.  BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  BANA further objects to this Request to the extent that it seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31

U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and the applicable regulatory guidance. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 24:**

Produce any DOCUMENTS RELATING TO the deactivation of the Plaintiff Danhong Chen's phone number associated with the account, including any correspondence or internal COMMUNICATIONS about the request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

BANA objects to this Request as vague because the term "deactivation" is undefined. BANA objects to this Request as seeking information outside of BANA's custody or control, as whether Plaintiff Danhong Chen's phone number was subject to "deactivation" is information properly in the hands of Danhong Chen and/or Danhong Chen's telephone provider. BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it. Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

///

DEFENDANT BANK OF AMERICA, N.A.'S RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE

**REQUEST FOR PRODUCTION NO. 25:**

Provide all DOCUMENTS RELATING TO any modifications made to Plaintiff Danhong Chen's email address linked to the BANK account, including the request forms, verification DOCUMENTS, and internal notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

BANA objects to this Request as vague because the term "modifications" is not specific and is undefined.  BANA objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  BANA's response and corresponding production of documents is limited to February 2023 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 26:**

Provide all DOCUMENTATION RELATING TO the fraudulent creation of a new account in the Plaintiff Danhong Chen name, including the application form, verification DOCUMENTS, and ID used to open the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

BANA objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  BANA objects to this Request as vague because the phrase "fraudulent creation of a new account" is not specific and is undefined. BANA objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  BANA's response is limited to February 2023 to the

1  date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as

2  BANA understands it.   Subject to and without waiving these objections, BANA

3  responds as follows:

4       None.

5  **REQUEST FOR PRODUCTION NO. 27:**

6       Produce any DOCUMENTS RELATING TO transfers of funds made from

7  Plaintiff Danhong Chen's accounts to any third-party accounts, including details of

8  the receiving accounts.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

10      BANA objects to this Request to the extent it is duplicative of Request Nos. 17,

11 20, 21, 23, 24, 25, and 26.   BANA objects to this Request to the extent it seeks

12 information that is protected from disclosure by the attorney-client privilege, the

13 work-product doctrine, and all other applicable privileges or immunities. BANA

14 objects to this Request as overbroad and unduly burdensome as it is unlimited in time

15 and scope and is vague such that it fails to adequately identify the object of the

16 Request. BANA objects to this request as "third-party accounts" is undefined.  BANA

17 interprets "third-party accounts" as any account not titled in Plaintiffs' names.  BANA

18 objects to this Request as calling for confidential information, as the Parties have not

19 yet agreed to a Protective Order.  BANA's response and corresponding production of

20 documents is limited to February 2023 to the date Plaintiffs filed their original

21 Complaint and is based on Plaintiffs' Request as BANA understands it.  Subject to

22 and without waiving these objections, BANA responds as follows:

23      None.

24 **REQUEST FOR PRODUCTION NO. 28:**

25      Produce all DOCUMENTS RELATING TO the withdrawal [sic] of funds from

26 the Plaintiff Danhong Chen's accounts by any individual other than Plaintiff Danhong

27 Chen, including the date, amount, and method of withdrawal [sic].

28 ///

DEFENDANT BANK OF AMERICA, N.A,'S RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG
CHEN'S REQUESTS FOR PRODUCTION SET ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

2      BANA objects to this Request to the extent it seeks information that is protected

3  from disclosure by the attorney-client privilege, the work-product doctrine, and all

4  other applicable privileges or immunities. BANA objects to this Request as overbroad

5  and unduly burdensome as it is unlimited in time and scope and is vague such that it

6  fails to adequately identify the object of the Request. BANA objects to this Request

7  as calling for confidential information, as the Parties have not yet agreed to a

8  Protective Order. BANA's response and corresponding production of documents is

9  limited to February 2023 to the date Plaintiffs filed their original Complaint and is

10  based on Plaintiffs' Request as BANA understands it. Subject to and without waiving

11  these objections, BANA responds as follows:

12      Following entry of a stipulated protective order, BANA will produce non-

13  privileged documents responsive to this Request following a meet and confer if

14  discovery continues.

15  **REQUEST FOR PRODUCTION NO. 29:**

16      Provide any internal records of Plaintiff Danhong Chen's account(s) that reflect

17  flags or alerts for unusual or suspicious activity during the RELEVANT PERIOD.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

19      BANA objects to this Request to the extent it seeks information that is protected

20  from disclosure by the attorney-client privilege, the work-product doctrine, and all

21  other applicable privileges or immunities. BANA objects to this Request as overbroad

22  and unduly burdensome as it is unlimited in time and scope and is vague such that it

23  fails to adequately identify the object of the Request. BANA objects to this Request

24  as calling for confidential information, as the Parties have not yet agreed to a

25  Protective Order. BANA further objects to this Request to the extent that it seeks

26  disclosure of information relating to statutory and regulatory requirements for

27  detecting and reporting potentially suspicious transaction activity as described in 31

28  U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. §

5318(g)(2)(A)(i) and the applicable regulatory guidance.  BANA's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as BANA understands it.  Subject to and without waiving these objections, BANA responds as follows:

Following entry of a stipulated protective order, BANA will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

DATED: September 30, 2024

By: */s/ Molly M. White*
    Molly M. White
    Attorney for Defendants
    Bank of America, N.A., and Merrill
    Lynch, Pierce, Fenner & Smith
    Incorporated

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Two Embarcadero Center, Suite 1300, San Francisco, California 94111.

On September 30, 2024, I served the following document(s) described as **DEFENDANT BANK OF AMERICA, N.A.'S RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

☐  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Francisco, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒  **BY E-MAIL:** By electronic mail transmission pursuant to an agreement between parties, from cehat@mcguirewoods.com, by transmitting a PDF format copy of such document(s) to each person at the email addresses set forth on the attached service list.

☐  **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐  **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☐  **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 30, 2024, at San Francisco, CA.

_Christina M. Ehat_
Christina Ehat

**SERVICE LIST**

| | |
|---|---|
| Daniel E. Park<br>Alisa Morgenthaler<br>Jason Woltman<br>Wil J. Rios<br>Samuel F. Izzo<br>PARK LLP<br>201 N. Brand Blvd., Suite 200<br>Glendale, CA  91203<br>213.616.7438<br>818.484.3325 (Fax)<br>dpark@parkllp.law<br>amorgenthaler@parkllp.law<br>jason@parkllp.law<br>wil@parkllp.law<br>sam@parkllp.law | Attorneys for Plaintiffs<br>SHANGJIN CHEN and DANHONG CHEN |
| Julia B. Strickland<br>Adam Ray Hoock<br>STEPTOE LLP<br>2029 Century Park East<br>Los Angeles, CA  90067-3086<br>213.439.9400<br>213.439.9599 (Fax)<br>jstrickland@steptoe.com<br>ahoock@steptoe.com<br>docketing@steptoe.com | Attorneys for Defendant<br>JPMORGAN CHASE BANK, N.A. |