# EXHIBIT B

1  **MCGUIREWOODS LLP**
   MOLLY M. WHITE SBN 171448
2  mwhite@mcguirewoods.com
   1800 Century Park East, 8th Floor
3  Los Angeles, CA 90067-1501
   Telephone: 310.956.3423
4  Facsimile: 310.315.8210

5  MICAYLEE A. NOREEN SBN 321062
   mnoreen@mcguirewoods.com
6  Two Embarcadero Center
   201 Clay Street, Suite 1300
7  San Francisco, CA 94111
   Telephone: 415.844.9944
8  Facsimile: 415.844.9922

9  BRIAN E. PUMPHREY *Admitted Pro Hac Vice*
   bpumphrey@mcguirewoods.com
10 Gateway Plaza
   800 E. Canal Street
11 Richmond, VA 23219-3916
   Telephone: 804.775.7745
12 Facsimile: 804.698.2018

13
14 Attorneys for Defendants
   Bank of America, N.A., and Merrill Lynch, Pierce, Fenner & Smith Incorporated
15

16                    UNITED STATES DISTRICT COURT

17                    CENTRAL DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  SHANGJIN CHEN; and DANHONG CHEN, | CASE NO. 2:23-cv-10874-SPB-AS |
| 20 | |
| 21          Plaintiffs, | **DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,'S, RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION** |
| 22          vs. | |
| 23  JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC,; and DOES 1 THROUGH 10 | |
| 24 | |
| 25          Defendants. | **(SET ONE)** |
| 26 | SAC Filed: September 3, 2024 Jury Trial: May 13, 2025 |

27

28

                                    1

Pursuant to Federal Rules of Civil Procedure 26 and 34, Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill") hereby responds to Plaintiffs Shangjin Chen and Danhong Chen's Requests for Production to Defendant Merrill Lynch, Pierce, Fenner & Smith Inc. (Set One) (the "Requests") as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The Parties have not yet entered into a stipulated Protective Order governing the production of confidential information in discovery.  Merrill objects to the production of documents before entry of an agreed Protective Order, as Merrill informed Plaintiffs in written correspondence on September 11, 2024.

2.    The Parties have not agreed upon an ESI Protocol governing the production of electronically stored information ("ESI Protocol").  Merrill objects to the Requests, including the Definitions or Instructions stated therein, to the extent the Requests purport to impose any obligation upon Merrill other than as specifically required by the Federal Rules of Civil Procedure or any order of the Court.

3.    Merrill does not intend, and its responses should not be construed as, an agreement or acquiescence with any characterization of fact, assumption, or conclusion of law contained in or implied by any Request for Production.  Merrill's responses, including any actual production of requested information or documents, shall not be construed as an admission of the admissibility or relevance of any information or documents produced in response to the Requests for Production.  Merrill reserves all evidentiary objections, including, without limitation, objections to the relevance and admissibility of requested information and documents.

4.    Merrill objects to the Instructions and Definitions in the Requests for Production to the extent they purport to impose an obligation upon Merrill beyond the requirements of the Federal Rules of Civil Procedure or any order of the Court.

5.    All information provided in response to these Requests for Production is provided based upon information presently available to Merrill after a reasonably diligent investigation of the facts from persons likely to have responsive information

or materials, and from a reasonably thorough search through those of Merrill's files where requested information, not subject to objection, was likely found. In the event that any responses change or further or different information becomes available, Merrill will timely supplement its response in accordance with the requirements of the Federal Rules of Civil Procedure.

6.    Merrill objects to the Definition of "You" or "Your" or "Yourself" or "Defendants" or "Bank" insofar as it includes Merrill and any of its affiliates, and/or any other person(s) acting on their behalf or benefit. In Merrill's responses and objections, "Merrill" only refers to Merrill and does not include any known or unknown subsidiaries, divisions, or affiliates. Merrill further objects to the Definition of Merrill as "Bank" as Merrill is not a bank and expressly denies that characterization. Nonetheless, Merrill shall answer any Request that define Merrill as such.

7.    Merrill objects to the Definition of "Plaintiffs" insofar as it includes Shangjin Chen and Danhong Chen, in addition to any affiliates, and/or any other person(s) acting on their behalf or benefit. As such, Merrill's answers to the Requests are so limited. Plaintiffs include only Shangjin Chen and Danhong Chen.

8.    Merrill objects to the Definition of "Answer," which asserts that Merrill filed an answer on or about December 27, 2023. Merrill has not yet filed an answer in this case.

9.    Merrill objects to the Definition of "Documents" as overbroad, unduly burdensome, and not proportional to the claims and defenses asserted in this action. For example, Plaintiffs' definition includes "computer-sorted and computer retrievable information" with no specification, and lists of "persons attending meetings or conferences, sketches, diagrams, calculations" and more which have no bearing on Plaintiffs' claims, in addition to file folders and tabs which documents may be maintained within. Merrill objects to the extent that it attempts to impose any requirements beyond the scope of the Federal Rules of Civil Procedure and/or the

1    Court's Local Rules.

2        10.    Merrill objects to the Definition of "Electronic Records" as overbroad,

3    unduly burdensome, and not proportional to the claims and defenses asserted in this

4    action. For example, Plaintiffs' definition includes "computer programs,

5    programming notes and instructions, activity listings of email transmittal and receipts,

6    output resulting from the use of any software program" and "any and all

7    miscellaneous files and file fragments" in addition to file "folder tabs, containers and

8    labels" associated with the original document. Merrill objects to the extent that it

9    attempts to impose any requirements beyond the scope of the Federal Rules of Civil

10   Procedure and/or the Court's Local Rules.

11       11.    Merrill objects to the Definition of "Communications" to the extent it

12   exceeds the requirements as set forth in the Federal Rules of Civil Procedure. Further,

13   Plaintiffs fail to specify the scope of "Communication" as it related to their Requests.

14   For example, they request communications "whether such was by chance,

15   prearranged, formal, or informal" with no explanation as to what constitutes

16   communication that is "prearranged" versus "formal." Plaintiffs definition of

17   "Communications" is overbroad as it includes "advertisements, interviews, or

18   seminars" which has no bearing on the facts at issue.

19       12.    Merrill objects to the Definition of "Relating to," "Related to," or

20   "Relate(s) to" as overbroad to the extent that they exceed the requirements set forth

21   in the Federal Rules of Civil Procedure.

22       13.    Merrill objects to the Definition of "Relevant Period" as overbroad,

23   unduly burdensome, and not proportional to the needs of the case, as the facts and

24   circumstances as alleged in Plaintiffs' original Complaint, First Amended Complaint,

25   and operative Second Amended Complaint are limited to October 2022 through 2023.

26       14.    Merrill objects to the Definition of "Banking Agreements" as overbroad,

27   unduly burdensome, and not proportional to the claims and defense asserted in this

28   action as that definition is entirely unlimited in time or scope. Indeed, Plaintiffs'

definition is unlimited to customer-facing agreement, or even agreements that relate to Plaintiffs' accounts with Merrill.   In fact, Plaintiffs' definition specifically references Defendant JPMorgan Chase Bank, N.A., in its definition, whose agreements Merrill has no knowledge of.  Merrill further objects to the definition of "Banking Agreements" as overbroad and unduly burdensome to the extent it purports to encompass "any related documentation" such as "policy statements, . . . correspondence related to negotiations, execution, and performance of such agreements."

15.    Merrill objects to the Definition of "Imposter" as vague as it is defined as someone "who accessed Plaintiff(s)' accounts without Plaintiff(s)' authorization" and because only Plaintiffs know whether anyone who accessed their accounts had Plaintiffs' authorization, and such information is not in Merrill's possession.

16.    Merrill objects to Plaintiffs' request that if Merrill asserts privilege with respect to any information or document on the grounds of attorney-client privilege, the attorney work-product doctrine, or any other basis that Plaintiffs' instructions on what information must be provided imposes an obligation upon Merrill beyond the requirements of the Federal Rules of Civil Procedure or any order of the Court.

17.    Merrill objects to the Requests to the extent they seek information that is privileged, by virtue of the attorney-client privilege, work product doctrine, statutory privileges, or is otherwise protected against or privileged from disclosure by law or rule of court. By responding to the Requests, Merrill does not waive, and intends to preserve, all applicable privileges.

18.    Merrill objects to Instructions 1, 2, 3, and 4 to the extent they call for Documents or Electronic Records that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities.

19.    Merrill objects to Instruction 5 as overbroad and unduly burdensome. Plaintiffs do not explain what it means to "separate" a document, for example they do

1    not explain if they are speaking of physically stapled documents or electronic files. It

2    would be unduly burdensome for Merrill to either have to physically attach documents

3    or to compile electronic files, and Merrill is under no obligation to do so. Merrill

4    objects to this Instruction as imposing an obligation on Merrill that extends beyond

5    that required by the Federal Rules of Civil Procedure, Local Rules, or any order of

6    the Court.

7        20.    Merrill objects to Instruction 7 as unduly burdensome. Merrill is under

8    no obligation to produce documents in any form or manner as requested by Plaintiffs.

9    It poses an undue burden on Merrill to produce documents exactly according to

10    Plaintiffs' preferences.

11        21.    Merrill objects to Instruction 8 to the extent that it calls for information

12    that is unavailable to Merrill. Should Merrill have knowledge of destroyed, lost

13    discarded, otherwise disposed of, or otherwise unavailable Documents or Electronic

14    Records it will identify such documents to the extent it has knowledge of their

15    existence. Further, it is unduly burdensome for Merrill to indicate the (1) date of

16    disposal; (2) manner of disposal; (3) reason for disposal; (4) person authorizing the

17    disposal; and person disposing of the Document or Electronic Record.

18

19                            **REQUESTS FOR PRODUCTION**

20    **REQUEST FOR PRODUCTION NO. 1:**

21        Produce all DOCUMENTS RELATED TOO [sic] the investigation conducted

22    by YOU regarding the unauthorized access to and transfers from PLAINTIFFS'

23    Merrill Lynch accounts.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

25        Merrill objects to the Request to the extent it seeks documents that are protected

26    from disclosure by the attorney-client privilege, the work-product doctrine, and all

27    other applicable privileges or immunities.  This Request would include documents

28    prepared by or for attorneys to investigate Plaintiffs' allegations.  Merrill objects to

this Request as "the unauthorized access" is undefined.  Merrill objects to this Request as "Plaintiffs' Merrill Lynch accounts" is undefined.  Merrill objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS RELATED TOO [sic] the deactivation of PLAINTIFFS' linked phone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Merrill objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Merrill objects to this Request as "deactivation" is undefined.  Merrill objects to this Request as "linked phone numbers" is undefined.  Merrill objects to this Request as it assumes facts for which there exists no evidence.  Merrill also objects to this Request as unduly burdensome insofar as the Request seeks documentation as to Plaintiffs phone records that would belong only to Plaintiffs and their cell-phone provider and are not reasonably within Merrill's possession, custody, or control and to which Plaintiffs have equal, or greater, access.  Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill

1  understands it.  Subject to and without waiving these objections, Merrill responds as

2  follows:

3      None.

4  **REQUEST FOR PRODUCTION NO. 3:**

5      Produce all DOCUMENTS RELATED TOO [sic] YOUR policies and

6  procedures for updating customer contact information, including passwords, email

7  addresses, and phone numbers.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

9      Merrill objects to this Request as overbroad and unduly burdensome as it is

10  unlimited in time and scope and is vague such that it fails to adequately identify the

11  object of the Request.  Indeed, Merrill has various policies and procedures depending

12  on the method by which information was updated, and Merrill's policies and

13  procedures have changed over time.  Merrill objects to this Request as overly broad

14  and unduly burdensome as Merrill has no record that Plaintiffs' customer contact

15  information ever changed from the date each Plaintiffs' account was opened through

16  the date of Plaintiffs' original Complaint.  As such, Merrill objects to this Request as

17  it seeks information not relevant to any claims or defenses and not likely to lead to

18  the discovery of admissible evidence.  Merrill objects to this Request as calling for

19  confidential information, as the Parties have not yet agreed to a Protective Order.

20  **REQUEST FOR PRODUCTION NO. 4:**

21      Produce all DOCUMENTS recording any actual changes made to the

22  PLAINTIFFS' customer contact information, including passwords, email addresses,

23  and phone numbers.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

25      Merrill objects to this Request as overbroad and unduly burdensome as it is

26  unlimited in time and scope and is vague such that it fails to adequately identify the

27  object of the Request. Merrill objects to this Request as it assumes facts for which

28  there exists no evidence, as Merrill has no record that Plaintiffs' customer contact

1   information ever changed from the date each Plaintiffs' account(s) was opened
2   through the date of Plaintiffs' original Complaint. As such, Merrill objects to this
3   Request as it seeks information not relevant to any claims or defenses and not likely
4   to lead to the discovery of admissible evidence. Merrill objects to this Request as
5   calling for confidential information, as the Parties have not yet agreed to a Protective
6   Order. Merrill's response is limited to October 2022 to the date Plaintiffs filed their
7   original Complaint and is based on Plaintiffs' Request as Merrill understands it.
8   Subject to and without waiving these objections, Merrill responds as follows:

9       None.

10  **REQUEST FOR PRODUCTION NO. 5:**

11      Produce all BANKING AGREEMENTS between PLAINTIFFS and
12  MERRILL.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

14      Merrill incorporates by reference its objection to the Definition of "Banking
15  Agreements" as stated herein. Merrill further objects to the Request as overbroad and
16  unduly burdensome as it is unlimited in time and scope and is vague such that it fails
17  to adequately identify the object of the Request. Indeed, Merrill has had various
18  agreements with Plaintiffs that are self-updating and may have been updated or
19  changed over time. Merrill objects to this Request as calling for confidential
20  information, as the Parties have not yet agreed to a Protective Order. Merrill's
21  response is limited to October 2022 to the date Plaintiffs filed their original Complaint
22  and is based on Plaintiffs' Request as Merrill understands it. Subject to and without
23  waiving these objections, Merrill responds as follows:

24      Following entry of a stipulated protective order, Merrill will produce non-
25  privileged documents responsive to this Request following a meet and confer if
26  discovery continues.

27  **REQUEST FOR PRODUCTION NO. 6:**

28      Produce all COMMUNICATIONS between PLAINTIFFS and MERRILL

9

1  RELATING TO reports of fraud, suspicious, or unusual activity, including any
2  internal records of fraud alerts or flags triggered by transactions on PLAINTIFFS'
3  account(s).

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

5      Merrill objects to this Request as overbroad, and unduly burdensome as it is
6  unlimited in time and scope and is vague such that it fails to adequately identify the
7  object of the Request.  Merrill objects to this Request as calling for confidential
8  information, as the Parties have not yet agreed to a Protective Order.  Merrill's
9  response is limited to October 2022 to the date Plaintiffs filed their original Complaint
10  and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without
11  waiving these objections, Merrill responds as follows:

12      Following entry of a stipulated protective order, Merrill will produce non-
13  privileged documents responsive to this Request following a meet and confer if
14  discovery continues.

15  **REQUEST FOR PRODUCTION NO. 7:**

16      Produce all DOCUMENTS in that involve or relate to any funds belonging to
17  PLAINTIFFS in YOUR current possession.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

19      Merrill objects to this Request as overbroad, and unduly burdensome as
20  Plaintiffs' claims, as alleged, relate to funds taken and used by an imposter on or
21  before May 16, 2023, and do not relate to funds that remain in any accounts at Merrill
22  that are in Plaintiffs' names.  Merrill objects to this Request as calling for confidential
23  information, as the Parties have not yet agreed to a Protective Order.  Merrill's
24  response is based on Plaintiffs' Request as Merrill understands it.  Subject to and
25  without waiving these objections, Merrill responds as follows:

26      Following entry of a stipulated protective order, Merrill will produce non-
27  privileged documents responsive to this Request following a meet and confer if
28  discovery continues.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that describe YOUR policies and procedures for remedying harm to customers after they have suffered fraudulent transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, Merrill has various policies and procedures depending on the type of account and the given transaction, and Merrill's policies and procedures have changed over time. Merrill objects to this Request as "fraudulent transactions" is undefined. Merrill objects to this Request as "remedying" and "harm" are undefined. Merrill objects to this Request as it seeks information not relevant to any claims or defenses and not likely to lead to the discovery of admissible evidence, as whether Merrill complied with its own internal policies and procedures does not bear on Merrill's liability under any of Plaintiffs' California statutory state law claims. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that contain representations made by MERRILL to customers and potential customers, that their accounts and personal information would be secured against fraudulent transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, Merrill's representations to its customers and potential customers has changed over time. Merrill objects to this Request as it seeks information not relevant to any claims or defenses and not likely to lead to the discovery of admissible evidence to the extent it seeks representations to "customers and potential customers" as opposed to Plaintiffs specifically. Merrill further objects

11

to this Request to the extent that Merrill's various agreements with Plaintiffs limit Plaintiffs' ability to rely on any representation made by Merrill not included in the terms of those agreements. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. As such, Merrill's response is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all DOCUMENTS that describe or detail the safety measures and protocols implemented by DEFENDANT to detect, prevent, and respond to fraud, suspicious, or unusual activity in PLAINTIFFS' MERRILL accounts, including protocols for identifying, verifying, and notifying customers of unusual account activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Indeed, Merrill has various policies and procedures depending on the type of account and the given circumstances, and Merrill's policies and procedures have changed over time. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if

12

1  discovery continues.

2  **REQUEST FOR PRODUCTION NO. 11:**

3      Produce all DOCUMENTS that describe the measures implemented by YOU

4  to encrypt or redact PLAINTIFFS' personal information, including any policies,

5  guidelines, or procedures for protecting customer data.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

7      Merrill objects to this Request as overbroad and unduly burdensome as it is

8  unlimited in time and scope and is vague such that it fails to adequately identify the

9  object of the Request. Indeed, Merrill has various policies and procedures depending

10  on the type of account, type of customer, and the type of information, and Merrill's

11  policies and procedures have changed over time. Merrill objects to this Request as

12  "personal information" is undefined. Merrill objects to this Request as it seeks

13  information not relevant to any claims or defenses and not likely to lead to the

14  discovery of admissible evidence, as Plaintiffs' California state law claims relate only

15  to Merrill's handling of Plaintiffs' unencrypted and unredacted personal information.

16  As such, Merrill's internal policies and procedures for encrypting and redacting

17  customer information has no bearing on Merrill's liability in this case. Merrill objects

18  to this Request as calling for confidential information, as the Parties have not yet

19  agreed to a Protective Order.

20  **REQUEST FOR PRODUCTION NO. 12:**

21      Produce all DOCUMENTS that evidence the transfer of proceeds, totaling

22  approximately $600,000, to PLAINTIFFS' personal and savings accounts.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

24      Merrill objects to this Request as it is unlimited in time and scope and is vague

25  such that it fails to adequately identify the object of the Request. Merrill objects to

26  this Request as "proceeds" is undefined such that the proceeds Plaintiffs seek

27  information on is not readily identifiable. Merrill objects to this Request as

28  "Plaintiffs' personal and savings accounts" is undefined and, according to Merrill's

DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INC,'S, RESPONSES TO PLAINTIFFS
SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE

1  records, neither Plaintiff had personal or savings accounts with Merrill, nor do there

2  appear transfers to any external accounts in the amount asserted in this Request such

3  that the proceeds Plaintiffs seek information on is not readily identifiable.  Merrill

4  further objects to this Request for Production as unduly burdensome to the extent that

5  Plaintiffs have equal access to their account records as Merrill does.  Merrill's

6  response is limited to October 2022 to the date Plaintiffs filed their original Complaint

7  and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without

8  waiving these objections, Merrill responds as follows:

9          None.

10  **REQUEST FOR PRODUCTION NO. 13:**

11          Produce all DOCUMENTS RELATED TOO [sic] any successful and

12  unsuccessful attempts made to sell the debenture associated with PLAINTIFFS'

13  accounts.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

15          Merrill objects to this Request as it is unlimited in time and scope and is vague

16  such that it fails to adequately identify the object of the Request.  Merrill objects to

17  this Request as "the debenture" is undefined.  Merrill further objects to this Request

18  as "Plaintiffs' accounts" is undefined.  Merrill objects to this Request as it assumes

19  facts for which there is no evidence, as Merrill has no record of any Merrill accounts

20  held in Plaintiffs names holding investments in a debenture such that the information

21  Plaintiffs seek is not readily identifiable.  Merrill further objects to this Request for

22  Production as unduly burdensome to the extent that Plaintiffs have equal access to

23  their account records as Merrill does.  Merrill's response is limited to October 2022

24  to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request

25  as Merrill understands it.  Subject to and without waiving these objections, Merrill

26  responds as follows:

27          None.

28  ///

1  **REQUEST FOR PRODUCTION NO. 14:**

2      Produce all DOCUMENTS that describe the protocols and processes for

3  verifying a customer's identity during transactions involving PLAINTIFFS'

4  MERRILL accounts, including DOCUMENTS specifically RELATED TOO [sic]

5  identity verification for the fraudulent transactions in question.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

7      Merrill objects to this Request as overbroad and unduly burdensome as it is

8  unlimited in time and scope and is vague such that it fails to adequately identify the

9  object of the Request. Indeed, Merrill has various policies and procedures depending

10  on the type of transaction and the personal identifying information available to Merrill

11  for the specific customer in question, and Merrill's policies and procedures have

12  changed over time. Merrill objects to this Request as "Plaintiffs' Merrill accounts" is

13  undefined. Merrill objects to this Request as "the fraudulent transactions in question"

14  is undefined. Merrill objects to this Request as calling for confidential information,

15  as the Parties have not yet agreed to a Protective Order. Merrill's response is limited

16  to October 2022 to the date Plaintiffs filed their original Complaint and is based on

17  Plaintiffs' Request as Merrill understands it. Subject to and without waiving these

18  objections, Merrill responds as follows:

19      Following entry of a stipulated protective order, Merrill will produce non-

20  privileged documents responsive to this Request following a meet and confer if

21  discovery continues.

22  **REQUEST FOR PRODUCTION NO.15:**

23      Provide copies of all DOCUMENTS reflecting the BANK'S response to

24  PLAINTIFFS' report of fraud, including internal memoranda, correspondence, or

25  case files.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

27      Merrill objects to this Request to the extent it seeks information that is protected

28  from disclosure by the attorney-client privilege, the work-product doctrine, and all

other applicable privileges or immunities.  Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Merrill objects to this Request as internally inconsistent as it seeks only communications from Merrill to Plaintiffs, but in describing the information sought, includes internal memoranda and case files. Merrill interprets this Request as seeking communications to Plaintiffs and internal documents to the extent communications with Plaintiffs are reflected therein.  Merrill objects and declines to respond to the extent this Request seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance.  Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 16:**

Provide any internal records of the PLAINTIFFS' account(s) that reflect flags or alerts for unusual or suspicious activity during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it

fails to adequately identify the object of the Request.  Merrill objects and declines to respond to the extent this Request seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS RELATED TOO [sic] the withdrawal of funds from PLAINTIFFS' accounts by any individual other than the PLAINTIFFS, including the date, amount, and method of withdrawal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities.  Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 18:**

Provide copies of any DOCUMENTS or records of transactions that involved the deposit of fake checks into PLAINTIFFS' accounts, including any verification DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 19:**

Produce any DOCUMENTS RELATED TOO [sic] transfers of funds made from PLAINTIFFS' accounts to any third-party accounts, including details of the receiving accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this request as "third-party accounts" is undefined. Merrill interprets "third-party accounts" as

1  any account not titled in Plaintiffs' names.  Merrill objects to this Request as calling
2  for confidential information, as the Parties have not yet agreed to a Protective Order.
3  Merrill's response and corresponding production of documents is limited to October
4  2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs'
5  Request as Merrill understands it.  Subject to and without waiving these objections,
6  Merrill responds as follows:

7      None.

8  **REQUEST FOR PRODUCTION NO. 20:**

9      Provide all DOCUMENTS RELATED TOO [sic] the fraudulent creation of a
10  new account in PLAINTIFFS' name [sic], including the application form, verification
11  DOCUMENTS, and ID used to open the account.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

13      Merrill objects to this Request to the extent it seeks information that is protected
14  from disclosure by the attorney-client privilege, the work-product doctrine, and all
15  other applicable privileges or immunities.  Merrill objects to this Request as calling
16  for confidential information, as the Parties have not yet agreed to a Protective Order.
17  Merrill's response and corresponding production of documents is limited to October
18  2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs'
19  Request as Merrill understands it.  Subject to and without waiving these objections,
20  Merrill responds as follows:

21      Following entry of a stipulated protective order, Merrill will produce non-
22  privileged documents responsive to this Request.

23  **REQUEST FOR PRODUCTION NO. 21:**

24      Produce any and all DOCUMENTS RELATING TOO [sic] the counterfeit ID
25  presented by the fraudster, including copies of the ID, forms of verification used, and
26  any COMMUNICATIONS RELATED TOO [sic] the acceptance of the ID.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

28      Merrill objects to this Request to the extent it seeks information that is protected

19

from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this request to the extent "forms of verification" is undefined and vague. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 22:**

Provide all DOCUMENTS RELATING TOO [sic] the identity verification process for the fraudulent transactions in question, including internal notes, reports, and security checks performed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as "the fraudulent transactions in question" is vague and undefined. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-

20

1  privileged documents responsive to this Request following a meet and confer if
2  discovery continues.

3  **REQUEST FOR PRODUCTION NO. 23:**

4    Produce all DOCUMENTS, manuals, and policies RELATING TO the
5  BANK's procedures for verifying customer identity during in-person transactions,
6  including withdrawal requests and account modifications.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

8    Merrill objects to this Request to the extent it seeks information that is protected
9  from disclosure by the attorney-client privilege, the work-product doctrine, and all
10  other applicable privileges or immunities. Merrill objects to this Request as overbroad
11  and unduly burdensome as it is unlimited in time and scope and is vague such that it
12  fails to adequately identify the object of the Request. Merrill objects to this Request
13  as "account modifications" is undefined and vague. Merrill objects to this Request as
14  seeking information not relevant to any claim or defense, as there were no withdraw
15  requests or changes to account information regarding Plaintiffs' Merrill accounts.
16  Merrill objects to this Request as calling for confidential information, as the Parties
17  have not yet agreed to a Protective Order. Merrill's response and corresponding
18  production of documents is limited to October 2022 to the date Plaintiffs filed their
19  original Complaint and is based on Plaintiffs' Request as Merrill understands it.
20  Subject to and without waiving these objections, Merrill responds as follows:

21    Following entry of a stipulated protective order, Merrill will produce non-
22  privileged documents responsive to this Request following a meet and confer if
23  discovery continues.

24  **REQUEST FOR PRODUCTION NO. 24:**

25    Provide copies of all DOCUMENTS outlining the BANK's policies and
26  procedures for handling telephone-based transactions, including transfers and account
27  modifications.

28  ///

DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INC,'S, RESPONSES TO PLAINTIFFS
SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as "account modifications" is undefined and vague. Merrill objects to this Request as "handling" is undefined and vague. Merrill objects to this Request as seeking information not relevant to any claim or defense, as there were no changes to account information regarding Plaintiffs' Merrill accounts. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS RELATING TO the BANK's procedures for detecting and responding to fraudulent activities on customer accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a

Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 26:**

Provide any internal DOCUMENTS, including training materials, regarding the process for updating customer contact information (email, phone number).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Merrill objects to this Request as seeking information not relevant to any claim or defense, as Plaintiffs' accounts with Merrill have never been updated or changed following those accounts' opening.  Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.

**REQUEST FOR PRODUCTION NO. 27:**

Produce any DOCUMENTS reflecting changes to the PLAINTIFF's account information, including but not limited to changes to the email address, phone number, or mailing address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date

1 Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill

2 understands it. Subject to and without waiving these objections, Merrill responds as

3 follows:

4      None.

5 **REQUEST FOR PRODUCTION NO. 28:**

6      Provide copies of all DOCUMENTS, notes, and logs of COMMUNICATIONS

7 between the BANK and any PERSON who conducted transactions, transferred funds,

8 or made changes to the PLAINTIFF's [sic] accounts.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

10      Merrill objects to this Request to the extent it seeks information that is protected

11 from disclosure by the attorney-client privilege, the work-product doctrine, and all

12 other applicable privileges or immunities. Merrill objects to this Request as overbroad

13 and unduly burdensome as it is unlimited in time and scope and is vague such that it

14 fails to adequately identify the object of the Request. Merrill objects to this Request

15 as calling for confidential information, as the Parties have not yet agreed to a

16 Protective Order. Merrill's response and corresponding production of documents is

17 limited to October 2022 to the date Plaintiffs filed their original Complaint and is

18 based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving

19 these objections, Merrill responds as follows:

20      Following entry of a stipulated protective order, Merrill will produce non-

21 privileged documents responsive to this Request following a meet and confer if

22 discovery continues.

23 **REQUEST FOR PRODUCTION NO. 29:**

24      Provide any internal records of the PLAINTIFF's account(s) that reflect flags

25 or alerts for unusual or suspicious activity during the RELEVANT PERIOD.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

27      Merrill objects to this Request as it is an exact duplicate of Request No. 16.

28 Merrill objects to this Request to the extent it seeks information that is protected from

disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects and declines to respond to the extent this Request seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS RELATING TO the withdrawal [sic] of funds from the PLAINTIFF's accounts by any individual other than the PLAINTIFF, including the date, amount, and method of withdrawal [sic].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Merrill objects to this Request as it is an exact duplicate of Request No. 17. Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective

1  Order.  Merrill's response and corresponding production of documents is limited to
2  October 2022 to the date Plaintiffs filed their original Complaint and is based on
3  Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these
4  objections, Merrill responds as follows:

5      None.

6  **REQUEST FOR PRODUCTION NO. 31:**

7      Provide copies of any DOCUMENTS or records of transactions that involved
8  the deposit of fake checks into the PLAINTIFFS' accounts, including any verification
9  DOCUMENTS.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

11     Merrill objects to this Request as it is an exact duplicate of Request No. 18.
12 Merrill objects to this Request to the extent it seeks information that is protected from
13 disclosure by the attorney-client privilege, the work-product doctrine, and all other
14 applicable privileges or immunities.  Merrill objects to this Request as overbroad and
15 unduly burdensome as it is unlimited in time and scope and is vague such that it fails
16 to adequately identify the object of the Request.  Merrill objects to this Request as
17 calling for confidential information, as the Parties have not yet agreed to a Protective
18 Order.  Merrill's response and corresponding production of documents is limited to
19 October 2022 to the date Plaintiffs filed their original Complaint and is based on
20 Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these
21 objections, Merrill responds as follows:

22     None.

23 **REQUEST FOR PRODUCTION NO. 32:**

24     Produce any DOCUMENTS RELATING TO transfers of funds made from the
25 PLAINTIFF's [sic] accounts to any third-party accounts, including details of the
26 receiving accounts.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

28     Merrill objects to this Request insofar as it is nearly an exact duplicate of

26

Request No. 19.  Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities.  Merrill objects to this Request as overbroad and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request.  Merrill objects to this request as "third-party accounts" is undefined.  Merrill interprets "third-party accounts" as any account not titled in Plaintiffs' names.  Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

None.

**REQUEST FOR PRODUCTION NO. 34:**

Provide all DOCUMENTATION RELATING TO the fraudulent creation of a new account in the PLAINTIFF's [sic] name, including the application form, verification DOCUMENTS, and ID used to open the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Merrill objects to this Request insofar as it is nearly an exact duplicate of Request No. 20.  Merrill objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order.  Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-

27

1  privileged documents responsive to this Request following a meet and confer if
2  discovery continues.

3  **REQUEST FOR PRODUCTION NO. 35:**

4      Produce any and all DOCUMENTS and records RELATING TO the
5  counterfeit ID presented by the fraudster, including copies of the ID, forms of
6  verification used, and any COMMUNICATIONS RELATING TO the acceptance of
7  the ID.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

9      Merrill objects to this Request insofar as it is an exact duplicate of Request No.
10  21.  Merrill objects to this Request to the extent it seeks information that is protected
11  from disclosure by the attorney-client privilege, the work-product doctrine, and all
12  other applicable privileges or immunities.  Merrill objects to this request to the extent
13  "forms of verification" is undefined and vague.  Merrill objects to this Request as
14  calling for confidential information, as the Parties have not yet agreed to a Protective
15  Order.  Merrill's response and corresponding production of documents is limited to
16  October 2022 to the date Plaintiffs filed their original Complaint and is based on
17  Plaintiffs' Request as Merrill understands it.  Subject to and without waiving these
18  objections, Merrill responds as follows:

19      Following entry of a stipulated protective order, Merrill will produce non-
20  privileged documents responsive to this Request following a meet and confer if
21  discovery continues.

22  **REQUEST FOR PRODUCTION NO. 36:**

23      Provide all DOCUMENTS RELATING TO the identity verification process
24  for the fraudulent transactions in question, including internal notes, reports, and
25  security checks performed.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

27      Merrill objects to this Request insofar as it is an exact duplicate of Request No.
28  22. Merrill objects to this Request to the extent it seeks information that is protected

1   from disclosure by the attorney-client privilege, the work-product doctrine, and all

2   other applicable privileges or immunities. Merrill objects to this Request as overbroad

3   and unduly burdensome as it is unlimited in time and scope and is vague such that it

4   fails to adequately identify the object of the Request. Merrill objects to this Request

5   as "the fraudulent transactions in question" is vague and undefined. Merrill objects

6   to this Request as calling for confidential information, as the Parties have not yet

7   agreed to a Protective Order. Merrill's response and corresponding production of

8   documents is limited to October 2022 to the date Plaintiffs filed their original

9   Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to

10  and without waiving these objections, Merrill responds as follows:

11          Following entry of a stipulated protective order, Merrill will produce non-

12  privileged documents responsive to this Request following a meet and confer if

13  discovery continues.

14  **REQUEST FOR PRODUCTION NO. 37:**

15          Provide all DOCUMENTS RELATING TO any modifications made to the

16  PLAINTIFF's email address linked to the BANK account, including the request

17  forms, verification DOCUMENTS, and internal notes.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

19          Merrill objects to this Request insofar as it is duplicative of Request No. 27.

20  Merrill objects to this Request as calling for confidential information, as the Parties

21  have not yet agreed to a Protective Order. Merrill's response and corresponding

22  production of documents is limited to October 2022 to the date Plaintiffs filed their

23  original Complaint and is based on Plaintiffs' Request as Merrill understands it.

24  Subject to and without waiving these objections, Merrill responds as follows:

25          None.

26  **REQUEST FOR PRODUCTION NO. 38:**

27          Produce any DOCUMENTS RELATING TO the deactivation of the

28  PLAINTIFF's phone number associated with the account, including any

1  correspondence or internal COMMUNICATIONS about the request.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

3      Merrill objects to this Request as it is duplicative of Request No. 2.  Merrill

4  objects to this Request as overbroad, and unduly burdensome as it is unlimited in time

5  and scope and is vague such that it fails to adequately identify the object of the

6  Request.  Merrill objects to this Request as "deactivation" is undefined.  Merrill

7  objects to this Request as "linked phone numbers" is undefined.  Merrill objects to

8  this Request as it assumes facts for which there exists no evidence.  Merrill also

9  objects to this Request as unduly burdensome insofar as the Request seeks

10 documentation as to Plaintiffs phone records that would belong only to Plaintiffs and

11 their cell-phone provider and are not reasonably within Merrill's possession, custody,

12 or control and to which Plaintiffs have equal, or greater, access.  Merrill objects to

13 this Request as calling for confidential information, as the Parties have not yet agreed

14 to a Protective Order.  Merrill's response is limited to October 2022 to the date

15 Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill

16 understands it.  Subject to and without waiving these objections, Merrill responds as

17 follows:

18     None.

19 **REQUEST FOR PRODUCTION NO. 39:**

20     Produce any DOCUMENTS RELATING TO the sale of the debenture in the

21 PLAINTIFF's account, including the authorization for the sale and records of how

22 the funds were transferred.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

24     Merrill objects to this Request as overbroad and unduly burdensome as it is

25 unlimited in time and scope and is vague such that it fails to adequately identify the

26 object of the Request.  Merrill objects to this Request as "the debenture" is vague and

27 undefined.  Merrill objects to this Request as calling for confidential information, as

28 the Parties have not yet agreed to a Protective Order.  Merrill's response and

1  corresponding production of documents is limited to October 2022 to the date

2  Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill

3  understands it.  Subject to and without waiving these objections, Merrill responds as

4  follows:

5        None.

6  **REQUEST FOR PRODUCTION NO. 40:**

7        Provide any and all records RELATING TO the transfer of funds from the

8  PLAINTIFFS' savings account into the fraudulent IMPOSTER account, including

9  any requests or authorization DOCUMENTS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

11        Merrill objects to this Request as overbroad and unduly burdensome as it is

12  unlimited in time and scope and is vague such that it fails to adequately identify the

13  object of the Request.  Merrill objects to this Request as "savings account" is vague

14  and undefined, and Merrill has no record of either Plaintiff having a savings account

15  with Merrill.  Merrill objects to this Request to the extent it uses the term "Imposter."

16  That term is vague, defined as someone "who accessed Plaintiff(s)' accounts without

17  Plaintiff(s)' authorization," and because only Plaintiffs know whether anyone who

18  accessed their accounts had Plaintiffs' authorization, such information is not in

19  Merrill's possession.   Merrill objects to this Request as calling for confidential

20  information, as the Parties have not yet agreed to a Protective Order.   Merrill's

21  response and corresponding production of documents is limited to October 2022 to

22  the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as

23  Merrill understands it.   Subject to and without waiving these objections, Merrill

24  responds as follows:

25        None.

26  **REQUEST FOR PRODUCTION NO. 41:**

27        Produce all DOCUMENTS, reports, or records of fraud alerts or flags triggered

28  by transactions on the PLAINTIFFS' account(s), including internal BANK

1  COMMUNICATIONS regarding these alerts.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

3  Merrill objects to this Request to the extent it seeks information that is protected

4  from disclosure by the attorney-client privilege, the work-product doctrine, and all

5  other applicable privileges or immunities.  Merrill objects to this Request as overbroad

6  and unduly burdensome as it is unlimited in time and scope and is vague such that it

7  fails to adequately identify the object of the Request.  Merrill objects and declines to

8  respond to the extent this Request seeks disclosure of information relating to statutory

9  and regulatory requirements for detecting and reporting potentially suspicious

10  transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11,

11  31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance.

12  Merrill objects to this Request as calling for confidential information, as the Parties

13  have not yet agreed to a Protective Order.  Merrill's response and corresponding

14  production of documents is limited to October 2022 to the date Plaintiffs filed their

15  original Complaint and is based on Plaintiffs' Request as Merrill understands it.

16  Subject to and without waiving these objections, Merrill responds as follows:

17  Following entry of a stipulated protective order, Merrill will produce non-

18  privileged documents responsive to this Request following a meet and confer if

19  discovery continues.

20  **REQUEST FOR PRODUCTION NO. 42:**

21  Provide copies of all COMMUNICATIONS between the BANK and the

22  PLAINTIFFS regarding any suspected or confirmed fraudulent activity on the

23  PLAINTIFFS' account(s), including email, phone, or written correspondence.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

25  Merrill objects to this Request to the extent it is duplicative of Request No. 6.

26  Merrill objects to this Request as overbroad, and unduly burdensome as it is unlimited

27  in time and scope and is vague such that it fails to adequately identify the object of

28  the Request.  Merrill objects to this Request as calling for confidential information,

as the Parties have not yet agreed to a Protective Order. Merrill's response is limited to October 2022 to the date Plaintiffs filed their original Complaint and is based on Plaintiffs' Request as Merrill understands it. Subject to and without waiving these objections, Merrill responds as follows:

Following entry of a stipulated protective order, Merrill will produce non-privileged documents responsive to this Request following a meet and confer if discovery continues.

**REQUEST FOR PRODUCTION NO. 43:**

Produce any and all DOCUMENTS RELATED TOO [sic] any internal investigations conducted by the BANK regarding the fraudulent activity on the PLAINTIFFS' accounts, including reports, emails, and notes of interviews with BANK staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Merrill objects to this Request to the extent it is duplicative of Request No. 1. Merrill objects to the Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, and all other applicable privileges or immunities. Merrill objects to this Request as "the unauthorized access" is undefined. Merrill objects to this Request as "Plaintiffs' Merrill Lynch accounts" is undefined. Merrill objects to this Request as overbroad, and unduly burdensome as it is unlimited in time and scope and is vague such that it fails to adequately identify the object of the Request. Merrill objects and declines to respond to the extent this Request seeks disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. § 5318, pursuant to 12 C.F.R. § 21.11, 31 C.F.R. § 103.18, 31 U.S.C. § 5318(g)(2)(A)(i) and applicable regulatory guidance. Merrill objects to this Request as calling for confidential information, as the Parties have not yet agreed to a Protective Order. Merrill's response and corresponding production of documents is limited to October 2022 to the date Plaintiffs filed their

33

1 original Complaint and is based on Plaintiffs' Request as Merrill understands it.
2 Subject to and without waiving these objections, Merrill responds as follows:

3      Following entry of a stipulated protective order, Merrill will produce non-
4 privileged documents responsive to this Request following a meet and confer if
5 discovery continues.

6 **REQUEST FOR PRODUCTION NO. 44:**

7      Provide copies of all DOCUMENTS reflecting the BANK's response to the
8 PLAINTIFFS' report of fraud, including internal memoranda, correspondence, or
9 case files.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

11      Merrill objects to this Request as an exact duplicate of Request No. 15.  Merrill
12 objects to this Request to the extent it seeks information that is protected from
13 disclosure by the attorney-client privilege, the work-product doctrine, and all other
14 applicable privileges or immunities.  Merrill objects to this Request as overbroad and
15 unduly burdensome as it is unlimited in time and scope and is vague such that it fails
16 to adequately identify the object of the Request.  Merrill objects to this Request as
17 internally inconsistent as it seeks only communications from Merrill to Plaintiffs, but
18 in describing the information sought, includes internal memoranda and case files.
19 Merrill interprets this Request as seeking communications to Plaintiffs and internal
20 documents to the extent communications with Plaintiffs are reflected therein.  Merrill
21 objects to this Request as calling for confidential information, as the Parties have not
22 yet agreed to a Protective Order.  Merrill's response and corresponding production of
23 documents is limited to October 2022 to the date Plaintiffs filed their original
24 Complaint and is based on Plaintiffs' Request as Merrill understands it.  Subject to
25 and without waiving these objections, Merrill responds as follows:

26      Following entry of a stipulated protective order, Merrill will produce non-
27 privileged documents responsive to this Request following a meet and confer if
28 discovery continues.

DATED: September 30, 2024

By: */s/ Molly M. White*

Molly M. White
Attorneys for Defendants
Bank of America, N.A., and Merrill
Lynch, Pierce, Fenner & Smith
Incorporated

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Two Embarcadero Center, Suite 1300, San Francisco, California 94111.

On September 30, 2024, I served the following document(s) described as **DEFENDANT MERRILL LYNCH, PIERCE, FENNER & SMITH INC,'S, RESPONSES TO PLAINTIFFS SHANGJIN CHEN AND DANHONG CHEN'S REQUESTS FOR PRODUCTION SET ONE** on the interested parties in this action as follows:

### SEE ATTACHED LIST

☐ **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Francisco, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☒ **BY E-MAIL:**  By electronic mail transmission pursuant to an agreement between parties, from cehat@mcguirewoods.com, by transmitting a PDF format copy of such document(s) to each person at the email addresses set forth on the attached service list.

☐ **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐ **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

☐ **BY PERSONAL SERVICE:**  I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 30, 2024, at San Francisco, CA.

Christina Ehat

PROOF OF SERVICE

**SERVICE LIST**

1

2   Daniel E. Park                          Attorneys for Plaintiffs
    Alisa Morgenthaler                      SHANGJIN CHEN and DANHONG
3   Jason Woltman                           CHEN
    Wil J. Rios
4   Samuel F. Izzo
    PARK LLP
5   201 N. Brand Blvd., Suite 200
    Glendale, CA 91203
6   213.616.7438
    818.484.3325 (Fax)
7   dpark@parkllp.law
    amorgenthaler@parkllp.law
8   jason@parkllp.law
    wil@parkllp.law
9   sam@parkllp.law

10  Julia B. Strickland                     Attorneys for Defendant
    Adam Ray Hoock                          JPMORGAN CHASE BANK, N.A.
11  STEPTOE LLP
    2029 Century Park East
12  Los Angeles, CA 90067-3086
    213.439.9400
13  213.439.9599 (Fax)
    jstrickland@steptoe.com
14  ahoock@steptoe.com
    docketing@steptoe.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE