# EXHIBIT C

STEPTOE LLP
Julia B. Strickland (SBN 265347)
*jstrickland@steptoe.com*
Adam R. Hoock (SBN 340811)
*ahoock@steptoe.com*
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:   (213) 439-9400
Facsimile: (213) 439-9599
Email:      *docketing@steptoe.com*

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGJIN CHEN, an individual; DANHONG CHEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., a New York corporation; BANK OF AMERICA, N.A., a Delaware corporation; MERRILL LYNCH, PIERCE, FENNER & SMITH INC., a Delaware corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-10874-SPG-AS <br><br> [Assigned to Hon. Sherilyn Peace Garnett] <br><br> **RESPONSES OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE** |

PROPOUNDING PARTY:     Plaintiffs SHANGJIN CHEN and

DANHONG CHEN

RESPONDING PARTY:     Defendant JPMORGAN CHASE BANK, N.A.

SET NO:     ONE (1)

Pursuant to Federal Rule of Civil Procedure 34, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby responds and objects to the Requests for Production, Set One ("Requests") propounded by plaintiffs Shangjin Chen and Danhong Chen ("Plaintiffs"), as follows:

## PRELIMINARY STATEMENT

Any information provided by Chase in response to the Requests is based on the investigation conducted in the time available since service of the Requests.  As of the date of these responses, Chase has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiffs and/or third parties. As a consequence, these responses are based on information now known to Chase and that Chase believes to be relevant to the subject matter covered by the Requests. In the future, Chase may acquire additional information, or discover information currently in its possession, bearing on the Requests and Chase's responses thereto. Chase reserves the right to supplement, amend or qualify its objections and responses. Chase incorporates this Preliminary Statement into each response as if fully set forth.

## RESPONSES & OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Produce ALL DOCUMENTS which YOU contend support YOUR allegation(s) in the ANSWER that "[t]he Complaint is barred, in whole or in part, because PLAINTIFFS' causes of action are preempted by federal law and/or displaced by state law."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Chase objects to this Request on the grounds that: (i) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (ii) it seeks confidential, proprietary business documents that belong to Chase.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 2:**

Produce ALL DOCUMENTS which YOU contend support YOUR allegation(s) in the ANSWER "Chase maintained reasonable procedures to ensure compliance with the statutes alleged in the Complaint, including, but not limited to, the California Consumer Privacy Act, Cal. Civ. Code § 1798.100et seq., the California Consumer Records Act, Cal. Civ. Code § 1798.80et seq., and Division 11 of the California Commercial Code, Cal. Civ. Code §11101et seq."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Chase objects to this Request on the grounds that: (i) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (ii) it seeks confidential, proprietary business documents that belong to Chase.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 3:**

Produce ALL DOCUMENTS which YOU contend support YOUR allegation(s) in the ANSWER that "PLAINTIFFS ratified the conduct of Chase alleged in the Complaint and therefore are barred from recovery against Chase."

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2      Chase objects to this Request on the grounds that: (i) it seeks documents that

3  are protected from disclosure by the attorney-client privilege, the attorney work-

4  product doctrine, applicable regulatory privilege or any other privilege or immunity;

5  and (ii) it seeks confidential, proprietary business documents that belong to Chase.

6      Without waiving, and subject to, the foregoing objections, Chase responds as

7  follows: Following the entry of a protective order, Chase will produce copies of non-

8  privileged documents that are responsive to the request, relate to Plaintiffs' accounts

9  with Chase and the transactions made or attempted on Plaintiffs' accounts with

10  Chase, are relevant to the parties' claims and defenses, and are within Chase's

11  possession, custody, or control and can be located with a reasonable effort.

12  **REQUEST FOR PRODUCTION NO. 4:**

13      Produce ALL DOCUMENTS which YOU contend support YOUR

14  allegation(s) in the ANSWER that "PLAINTIFFS' claims against Chase are subject

15  to binding, individual arbitration, pursuant to the arbitration provision contained in

16  the applicable account agreement."

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18      Chase objects to this Request on the grounds that it seeks documents that are

19  equally available to or accessible by Plaintiffs.

20      Without waiving, and subject to, the foregoing objections, Chase responds as

21  follows: Following the entry of a protective order, Chase will produce copies of non-

22  privileged documents that are responsive to the request, relate to Plaintiffs' accounts

23  with Chase and the transactions made or attempted on Plaintiffs' accounts with

24  Chase, are relevant to the parties' claims and defenses, and are within Chase's

25  possession, custody, or control and can be located with a reasonable effort.

26  **REQUEST FOR PRODUCTION NO. 5:**

27      Produce all BANKING AGREEMENTS between PLAINTIFFS and CHASE.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Chase objects to this Request on the grounds that it seeks documents that are equally available to or accessible by Plaintiffs.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all COMMUNICATIONS between PLAINTIFFS and CHASE RELATING TO any reports of fraud, suspicious or unusual activity. This includes, without limitation, emails, letters, messages, notes, phone call records, and any other form of correspondence or documentation RELATED TO the reporting, investigation, and resolution of fraud claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Chase objects to this Request on the grounds that it seeks documents that are equally available to or accessible by Plaintiffs.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS that describe or detail the safety measure implemented by DEFENDANT to detect fraud, suspicious or unusual activity, alert customers of fraud, suspicious or unusual activity, and prevent banking fraud

including, but not limited to, internal policies, procedures, guidelines, training materials, fraud detection systems, customer notification protocols, security measures, incident reports, and any correspondence or documentation RELATED TO the implementation and maintenance of these safety measures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (ivii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for verifying a customer's identity during transactions including, but not limited to, protocols for maintaining customer identification material, guidelines, training materials, security measures, and any correspondence or documentation RELATED TO the verification of customer identity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (ivii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for verifying and notifying customers of changes in account ownership or contact information including, but not limited to, without limitation, protocols for mailing notices of changes in email addresses or phone numbers, guidelines, training materials, security measures, and any correspondence or documentation RELATED TO customer notification of account changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (ivii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all DOCUMENTS that describe or detail the protocols implemented by DEFENDANT for identifying, verifying and notifying customers of unusual account activity including, but not limited to, guidelines, training materials, security measures, and any correspondence or documentation RELATED TO the verification of customer identity and notification of account changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor

proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (vii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS that describe or detail the information required from customers to open an account with DEFENDANT including, but not limited to, application forms, identification requirements, proof of address, financial statements, reference letters, and any other documentation or information mandated by the institution for account opening purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (vii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS that describe or detail the information that was required from PLAINTIFFS when opening an account with DEFENDANT including, but not limited to, application forms, identification documents, proof of address, financial statements, reference letters, and any other documentation or information that was provided by PLAINTIFFS during the account opening process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Chase objects to this Request on the grounds that it seeks documents that are equally available to or accessible by Plaintiffs.

- 8 -

RESPONSES OF DEFENDANT JPMORGAN CHASE BANK, N.A.
TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE
Case No. 2:23-cv-10874-SPG-AS

Without waiving, and subject to, the foregoing objection, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all copies of any DOCUMENTS or ELECTRONIC RECORDS that DEFENDANT have of PLAINTIFFS' driver's licenses and records indicating PLAINTIFFS' genders including, but not limited to, scanned copies, photocopies, or any other format in which such documents are maintained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; and (iii) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS evidencing the IMPOSTER and their activities, including, but not limited to, scanned copies, photocopies, or any other format of fraudulent documents produced by the IMPOSTER; video footage or photographs of the IMPOSTER; identification documents; account statements; and any other form of documentation or evidence RELATED TO the activities of the IMPOSTER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor

proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (ivii) discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS RELATED TO the IMPOSTER's attempted and successful withdrawal or transfer of funds from any PLAINTIFFS' accounts including, but not limited to, transaction statements, withdrawal slips, electronic fund transfer records, and account activity logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; (v) it seeks confidential, proprietary business documents that belong to Chase; (vi) it purports to require Chase to prepare compilations, abstracts or summaries of documents; and (ivii) discovery is ongoing.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS that evidence sale of PLAINTIFFS debenture, including but not limited to sale agreements, purchase agreements, transaction confirmations, correspondence, emails, memoranda, and any other documentation or records RELATED TO the sale of debentures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks documents that are neither relevant to the parties' claims or defenses nor proportional to the needs of the case; and (v) it seeks confidential, proprietary business documents that belong to Chase.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTATION between PLAINTIFFS and any of DEFENDANT's financial advisors including, but not limited to, but is not limited to, emails, letters, notes, memos, reports, financial statements, investment advice, agreements, and any other correspondence or documentation exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Chase objects to this Request on the grounds that it seeks documents that are equally available to or accessible by Plaintiffs.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS showing the transactions and balances of the accounts held by PLAINTIFFS with DEFENDANT including, but not limited to, but is not limited to, account statements, transaction histories, deposit slips, withdrawal records, balance summaries, and any other documentation or records that reflect the financial activities and monthly balances of PLAINTIFFS' accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Chase objects to this Request on the grounds that: (i) it is overbroad and unduly burdensome; and (ii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 19:**

Provide any internal records of the PLAINTIFFS' account(s) that reflect flags or alerts for unusual or suspicious activity during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; (iv) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS and COMMUNICATIONS RELATED TO the withdrawal of funds from PLAINTIFFS' accounts by any individual other than the PLAINTIFFS, including the date, amount, and method of withdrawal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that

is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 21:**

Provide copies of any DOCUMENTS or records of transactions that involved the deposit of fake checks into PLAINTIFFS' accounts, including any verification DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; and (iv) it seeks confidential, proprietary business information that belongs to Chase.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 22:**

Produce any DOCUMENTS RELATED TO transfers of funds made from PLAINTIFFS' accounts to any third-party accounts, including details of the receiving accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort.

**REQUEST FOR PRODUCTION NO. 23:**

Provide all DOCUMENTS RELATED TO the fraudulent creation of a new account in PLAINTIFFS' name, including the application form, verification DOCUMENTS, and identification used to open the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege

1   or any other privilege or immunity; and (v) it seeks confidential, proprietary business
2   information that belongs to Chase.

3   **REQUEST FOR PRODUCTION NO. 24:**

4       Produce any and all DOCUMENTS RELATING TO the counterfeit ID
5   presented by the fraudster, including copies of the ID, forms of verification used, and
6   RELATED TO the acceptance of the ID.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

8       Chase objects to this Request on the grounds that: (i) it is vague and
9   ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that
10  is neither relevant to any party's claims or defenses nor proportional to the needs of
11  the case; (iv) it seeks documents that are protected from disclosure by the attorney-
12  client privilege, the attorney work-product doctrine, applicable regulatory privilege
13  or any other privilege or immunity; and (v) it seeks confidential, proprietary business
14  information that belongs to Chase.

15  **REQUEST FOR PRODUCTION NO. 25:**

16      Provide all DOCUMENTS RELATING TO the identity verification process
17  for the fraudulent transactions in question, including internal notes, reports, and
18  security checks performed.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

20      Chase objects to this Request on the grounds that: (i) it is vague and
21  ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that
22  is neither relevant to any party's claims or defenses nor proportional to the needs of
23  the case; (iv) it seeks documents that are protected from disclosure by the attorney-
24  client privilege, the attorney work-product doctrine, applicable regulatory privilege
25  or any other privilege or immunity; and (v) it seeks confidential, proprietary business
26  information that belongs to Chase.

27

28

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS, manuals, and policies RELATING TO the BANK's procedures for verifying customer identity during in-person transactions, including withdrawal requests and account modifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 27:**

Provide copies of all DOCUMENTS outlining the BANK's policies and procedures for handling telephone-based transactions, including transfers and account modifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS RELATING TO the BANK's procedures for detecting and responding to fraudulent activities on customer accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 29:**

Provide any internal DOCUMENTS, including training materials, regarding the process for updating customer contact information including email and phone number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 30:**

Produce any DOCUMENTS reflecting changes to the PLAINTIFF's account information, including but not limited to changes to the email address, phone number, or mailing address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of

the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 31:**

Provide copies of all COMMUNICATIONS between the BANK and any PERSON who conducted transactions, transferred funds, or made changes to the PLAINTIFFS' accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 32:**

Provide any internal records of the PLAINTIFFS' account(s) that reflect flags or alerts for unusual or suspicious activity during the RELEVANT PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 19. Chase incorporates its response to Request Number 19.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS RELATING TO the withdrawal of funds from the PLAINTIFFS' accounts by any individual other than the PLAINTIFFS, including the date, amount, and method of withdrawal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 20. Chase incorporates its response to Request Number 20.

**REQUEST FOR PRODUCTION NO. 34:**

Provide copies of any DOCUMENTS or records of transactions that involved the deposit of fake checks into the PLAINTIFFS' accounts, including any verification DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 21. Chase incorporates its response to Request Number 21.

**REQUEST FOR PRODUCTION NO. 35:**

Produce any DOCUMENTS RELATING TO transfers of funds made from the PLAINTIFFS' accounts to any third-party accounts, including details of the receiving accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 22. Chase incorporates its response to Request Number 22.

**REQUEST FOR PRODUCTION NO. 36:**

Provide all DOCUMENTATION RELATING TO the fraudulent creation of a new account in the PLAINTIFFS' name, including the application form, verification DOCUMENTS, and identificaiton used to open the account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 23. Chase incorporates its response to Request Number 23.

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all DOCUMENTS and records RELATING TO the counterfeit ID presented by the fraudster, including copies of the ID, forms of verification used, and RELATING TO the acceptance of the ID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 24. Chase incorporates its response to Request Number 24.

**REQUEST FOR PRODUCTION NO. 38:**

Provide all DOCUMENTS RELATING TO the identity verification process for the fraudulent transactions in question, including internal notes, reports, and security checks performed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 25. Chase incorporates its response to Request Number 25.

**REQUEST FOR PRODUCTION NO. 39:**

Provide all DOCUMENTS RELATING TO any modifications made to the PLAINTIFFS' email address linked to the BANK account, including the request forms, verification DOCUMENTS, and internal notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 40:**

Produce any DOCUMENTS RELATING TO the deactivation of the PLAINTIFFS' phone number associated with the account about the request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that

is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 41:**

Produce any DOCUMENTS RELATING TO the sale of the debenture in the PLAINTIFFS' account, including the authorization for the sale and records of how the funds were transferred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Chase objects to this Request on the grounds that it is duplicative of Request Number 16. Chase incorporates its response to Request Number 16.

**REQUEST FOR PRODUCTION NO. 42:**

Provide any and all records RELATING TO the transfer of funds from the PLAINTIFFS' savings account into the fraudulent IMPOSTER account, including any requests or authorization DOCUMENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS, reports, or records of fraud alerts or flags triggered by transactions on the PLAINTIFFS' account(s), including internal BANK COMMUNICATIONS regarding these alerts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 44:**

Provide copies of all COMMUNICATIONS between the BANK and the PLAINTIFFS regarding any suspected or confirmed fraudulent activity on the PLAINTIFFS' account(s), including email, phone, or written correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Chase objects to this Request on the grounds that it seeks documents that are equally available to or accessible by Plaintiffs.

Without waiving, and subject to, the foregoing objections, Chase responds as follows: Following the entry of a protective order, Chase will produce copies of non-privileged documents that are responsive to the request, relate to Plaintiffs' accounts with Chase and the transactions made or attempted on Plaintiffs' accounts with Chase, are relevant to the parties' claims and defenses, and are within Chase's possession, custody, or control and can be located with a reasonable effort

**REQUEST FOR PRODUCTION NO. 45:**

Produce any and all DOCUMENTS RELATED TO any internal investigations conducted by the BANK regarding the fraudulent activity on the PLAINTIFFS' accounts, including reports, emails, and notes of interviews with BANK staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that

is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

**REQUEST FOR PRODUCTION NO. 46:**

Provide copies of all DOCUMENTS reflecting the BANK's response to the PLAINTIFFS' report of fraud, including internal memoranda, correspondence, or case files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Chase objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it is overbroad and unduly burdensome; (iii) it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case; (iv) it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privilege or any other privilege or immunity; and (v) it seeks confidential, proprietary business information that belongs to Chase.

Dated:  September 30, 2024

    STEPTOE LLP
    JULIA B. STRICKLAND
    ADAM R. HOOCK

    By: _____*/s/ Adam R. Hoock*_____
             Adam R. Hoock

    Attorneys for Defendant
        JPMORGAN CHASE BANK, N.A.

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                              )   ss
COUNTY OF LOS ANGELES    )

     I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, 18th Floor, Los Angeles, CA 90067.

     On September 30, 2024, I served the foregoing document(s) described as: **RESPONSES OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

### See Attached Service List

☐   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☑   **(VIA E-MAIL)** Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), I caused the documents to be sent to the persons at their respective email addresses listed in the attached Service List.

☐   **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

     I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

     I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

     Executed on September 30, 2024, at Los Angeles, California.

     Regina Harcourt                      */s/ Regina Harcourt*
     [Type or Print Name]                   [Signature]

## SERVICE LIST

1

2   Daniel E. Park                          Attorneys for Plaintiffs
3   Alisa Morgenthaler                      Shangjin Chen and Danhong Chen
    Jason Woltman
4   Wil J. Rios
5   Samuel F. Izzo
    PARK LLP
6   201 N. Brand Blvd., Suite 200
7   Glendale, CA 91203
    dpark@parkllp.law
8   amorgenthaler@parkllp.law
9   jason@parkllp.law
    wil@parkllp.law
10  sam@parkllp.law

11

12  MCGUIREWOODS LLP                        Attorneys for Defendants
    Molly M. White                          Bank of America, N.A., and Merrill
13  mwhite@mcguirewoods.com                 Lynch, Pierce, Fenner & Smith
    1800 Century Park East                  Incorporated
14  8th Floor
15  Los Angeles, CA 90067-1501

16

17  MCGUIREWOODS LLP
    Micaylee A. Noreen
18  mnoreen@mcguirewoods.com
    Two Embarcadero Center,
19  Suite 1300
    San Francisco, CA 94111
20

21  MCGUIREWOODS LLP
22  Brian E. Pumphrey, *Admitted Pro Hac Vice*
23  bpumphrey@mcguirewoods.com
    800 E. Canal Street
24  Richmond, VA 23219-3916

25

26

27

28