# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANGJIN CHEN; and DANHONG CHEN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA, N.A.; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 2:23-cv-10874-SPG-AS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT [ECF NO. 90]** |

　　Before the Court is the Motion for Leave to File Fourth Amended and Supplemental Complaint, (ECF No. 90 ("Motion" or "Mot.")), filed by Plaintiffs Shangjin Chen and Danhong Chen (together, "Plaintiffs"). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Plaintiffs' Motion.

## I. BACKGROUND

The Court has previously recounted the facts of this case in detail. *See* (ECF No. 99 ("Order Denying MTD TAC")). In summary, and as relevant to this Motion, Plaintiffs brought this action against Defendants Bank of America, N.A. ("BANA"), Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill"), and JPMorgan Chase Bank, N.A. ("Chase," together with BANA and Merrill, "Defendants") for allegedly failing to detect fraudulent activity that resulted in the transfer of approximately $1.7 million in total out of certain cash management accounts that each Plaintiff maintained with each Defendant. (ECF No. 83 ("Third Amended Complaint" or "TAC") ¶¶ 2–5, 10).

Plaintiffs filed the First Amended Complaint ("FAC") on January 25, 2024, asserting ten causes of action against all Defendants: (1) Violation of California's Commercial Code § 11101, *et seq.* ("Division 11"); (2) Violation of California Consumer Privacy Act ("CCPA"), California Civil Code § 1798.100, *et seq.*; (3) Violation of California's Customer Records Act ("CCRA"), California Civil Code § 1798.80, *et seq.*, including under §§ 1798.81.5(b) and 1798.82(a); (4) Violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.*; (5) Breach of Fiduciary Duty; (6) Conversion; (7) Breach of Contract; (8) Breach of Implied Covenant of Good Faith and Fair Dealing; (9) Negligence; and (10) Declaratory Relief. *See* (ECF No. 18 ("FAC")). On March 7, 2024, Defendants moved to dismiss all causes of action in the FAC under Federal Rule of Civil Procedure 12(b)(6), which the Court granted on August 20, 2024. (ECF Nos. 23, 24, 36). The Court permitted Plaintiffs leave to amend on some claims and denied leave to amend on others. (ECF No. 36). In the interim, on March 5, 2024, the Court entered a Pretrial Scheduling Order that set August 31, 2024, as the last day to hear motions to amend the pleadings or add parties, and September 30, 2024, as the cut-off for fact discovery. (ECF No. 20-1 ("Pretrial Scheduling Order")).

On September 3, 2024, Plaintiffs filed a Second Amended Complaint ("SAC"), which trimmed down Plaintiffs' causes of action against all Defendants to five: (1) Violation of Division 11; (2) Violation of the CCPA; (3) Violation of the CCRA;

(4) Violation of the UCL; and (5) Declaratory Relief, *see* (ECF No. 39 ("SAC")), which BANA and Merrill moved to dismiss on September 25, 2024, (ECF No. 46).  Before issuing its Order on Defendants BANA and Merrill's Motion to Dismiss the SAC, on December 19, 2024, the Court granted the parties' joint stipulation to continue pretrial and trial schedule and ordered that "[a]ll remaining pretrial and trial dates shall be vacated pending resolution of the Motion to Dismiss the Second Complaint; and Within twenty-one (21) days of the Court's decision on the Motion, the Parties shall file a joint status report proposing the Court an updated pretrial and trial schedule." (ECF No. 69, at 2).

On April 21, 2025, the Court granted BANA and Merrill's Motion to Dismiss the SAC, dismissing all claims in the SAC against BANA and Merrill and granting leave to amend only as to Plaintiffs' Division 11 claim against BANA and CCPA claim against BANA and Merrill.  (ECF No. 76 ("Order Granting Defendants' Motion to Dismiss SAC")).  Shortly thereafter, on May 8, 2025, Plaintiffs retained new counsel.  *See* (ECF Nos. 79, 80).

The parties did not file a joint status report proposing an updated pretrial and trial schedule after the Court issued the Order Granting Defendants' Motion to Dismiss the SAC.  Instead, on June 2, 2025, Plaintiffs filed the TAC, further trimming Plaintiffs' causes of action to two: (1) Violation of Division 11 against BANA by both Plaintiffs, (TAC ¶¶ 59–98); and (2) Violation of Division 11 against Chase by Plaintiff Shangjin Chen only, (*id.* ¶¶ 99–113).  Defendants filed a Motion to Dismiss the TAC on June 13, 2025, which the Court denied on August 12, 2025.  (ECF No. 99 ("Order Denying BANA's Motion to Dismiss TAC")).  The TAC is currently the operative Complaint.

Before the Court denied Defendants' Motion to Dismiss the TAC, on July 24, 2025, Plaintiffs filed this instant Motion for Leave to File Fourth Amended and Supplemental Complaint, seeking to add two new claims against Defendants under the Electronic Funds Transfer Act ("EFTA").  *See* (Mot.); (ECF No. 90-2 Ex. A ("Proposed 4AC")). The proposed Fourth Amended Complaint asserts a total of four causes of action: (1) Violation of Division 11 against BANA by both Plaintiffs, (Proposed 4AC ¶¶ 69–114); (2) Violation

-3-

of Division 11 against Chase by Plaintiff Shangjin Chen only, (*id.* ¶¶ 115–131); (3) Violation of EFTA against BANA and Merrill, (*id.* ¶¶ 132–172); and (4) Violation of EFTA against Chase by Plaintiff Shangjin Chen only, (*id.* ¶¶ 173–183).

Defendant BANA filed its opposition to the Motion on August 6, 2025. (ECF No. 94 ("BANA Opp.")). Defendant Chase filed its opposition to the Motion on August 11, 2025. (ECF No. 95 ("Chase Opp.")). Plaintiffs filed a reply to each opposition paper on August 13, 2025. (ECF No. 96 ("Chase Reply")); (ECF No. 97 ("BANA Reply")).

## II.   LEGAL STANDARD

"[T]he district court is given broad discretion in supervising the pretrial phase of litigation." *United States v. Dang*, 488 F.3d 1135, 1142–43 (9th Cir. 2007) (citation omitted) (upholding the district court's decision to grant leave to amend for good cause under Rule 16 but recognizing that the district court "could have properly denied the motion"). Therefore, a scheduling order entered pursuant to Federal Rule of Civil Procedure 16(b) "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard is "more stringent" than the leave to amend standard under Rule 15, *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006), and primarily considers "the diligence of the party seeking the amendment," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, the court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Though courts may consider "the existence or degree of prejudice to the party opposing the modification," the "focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the moving party was not diligent, "the inquiry should end." *Id.*

If the moving party demonstrates good cause under Rule 16(b), the amendment must then be proper under Federal Rule of Civil Procedure 15(a)(2), which permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Johnson*, 975 F.2d at 608; *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991)

(holding that leave to amend should be given with "extreme liberality"). However, where amendment "would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay," district courts retain discretion to deny leave to amend. *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) (internal citations omitted); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (enumerating factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." as factors a court should consider in determining whether to grant leave to amend). "[T]he court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)). A plaintiff's "repeated failure to cure deficiencies by previous amendments" further expands this discretion. *Foman*, 371 U.S. at 182.

In addition, a court may take judicial notice of facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

## III. DISCUSSION

Plaintiffs assert that there is good cause to modify the scheduling order under Rule 16(b), and that leave to be amend should be granted under Rule 15(a)(2) because Defendants would not be prejudiced by the amendment, and it is in the interest of judicial economy. (Mot. at 26, 37–40).[1] In particular, Plaintiffs argue since retaining new counsel

---

[1] Record citations herein reference the ECF/CM page number, and do not necessarily align with the pagination on the documents.

on May 8, 2025, Plaintiffs have been diligent in seeking discovery related to the newly asserted EFTA claims, and that any lack of diligence the Court finds in Plaintiffs' failure to assert the two new claims under the EFTA should be imputed to Plaintiffs' prior counsel. (*Id.* at 26, 27, 29). Plaintiffs also request that the Court take judicial notice of a document by the Consumer Financial Protection Bureau ("CFPB") entitled "Compliance Aid – Electronic Fund Transfers FAQs" (version 3, last updated January 15, 2025). (BANA Reply at 17 n.6); (ECF No. 97-1 at 2). Defendants BANA and Chase oppose, arguing that Plaintiffs have not met the Rule 16 good cause standard, that they will suffer prejudice if leave to amend is granted, and that the proposed EFTA claims are futile. *See* (BANA Opp. at 9, 17, 19); (Chase Opp. at 8, 14, 15).

### A.   Good Cause under Rule 16(b)

The Court entered the Pretrial Scheduling Order on March 5, 2024, which set August 31, 2024, as the last day to hear motions to amend the pleadings. (Pretrial Scheduling Order). Then, on December 19, 2024, in granting the parties' stipulation to continue pretrial and trial schedule pending resolution of the resolution of the Motion to Dismiss the Second Amended Complaint, the Court vacated "[a]ll remaining pretrial and trial dates." (ECF No. 69). As the Court vacated the Pretrial Scheduling Order after the deadline to hear motions to amend the pleadings, the August 31, 2024, deadline still stands. *See* (Pretrial Scheduling Order). Therefore, Plaintiffs must first demonstrate diligence under the Rule 16(b) good cause standard to continue the deadline to hear motions to amend the pleadings.

"[T]o demonstrate diligence under Rule 16's 'good cause' standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order."

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted); *see also United States v. Valley's Best Hospice, Inc.*, No. 2:20-cv-11218-AH-E, 2025 WL 2043301, at *3 (C.D. Cal. June 4, 2025) (applying the three-step *Jackson* inquiry).

"The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.,* 575 U.S. 373 (2015) (quoting the district court's order). Similarly, a party does not show good cause where it does not investigate the "basic circumstances" underlying its claims until after the deadline to amend has passed. *See Hernandez v. Select Portfolio Servicing, Inc.*, No. 15-cv-1896-PA-AJW, 2016 WL 770869, at *3 (C.D. Cal. Feb. 24, 2016). However, good cause may be shown in instances where counsel acts with "gross negligence" such as to "virtually abandon[]" their client. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170–71 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002).

Generally, a party is bound to the representations of counsel, and an attorney's "ordinary negligence" is chargeable to the client." *Id.* at 1170; *see Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."). Though a client may be dissatisfied with counsel's representation of the matter, counsel is not grossly negligent if they "make court appearances, file[] necessary pleadings, and respond[] to some discovery." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674–75 (C.D. Cal. 2003) (holding that prior counsel's representation was not grossly negligent and this did not justify modification of a pretrial scheduling order under Rule 16). When a party substitutes counsel during the course the proceedings, absent a showing of gross negligence or abandonment, the newly retained counsel remains "bound by the actions of prior counsel (or lack thereof)." *Feller v. Petty*, No. 2:18-cv-3460-KS, 2024 WL 4436882, at *6 (C.D.

Cal. Aug. 26, 2024). The "strategic litigation decisions" of prior counsel are thus "imputed to new counsel." *Navarette v. PeaceHealth*, No. 6:22-cv-00181-AA, 2025 WL 1388890, at *5 (D. Or. May 14, 2025) (denying leave to amend for lack of good cause, recognizing "that Plaintiffs retained new counsel [four months after the pleading deadline] does not justify the eleventh-hour introduction of new claims and theories of litigation that prejudice Defendant").

Yet when counsel acts with gross negligence or abandonment, however, such as repeatedly failing to follow court orders, failing to attend hearings, and "deliberately misleading [the client] and depriving [them] of the opportunity to take action to preserve [their] rights," a party is not accountable for their counsel's culpable conduct, and there is good cause to amend the scheduling order. *Tani*, 282 F.3d at 1171–72.

The Court finds that Plaintiffs have not established good cause to modify the scheduling order under the three-step *Jackson* inquiry. *See Jackson*, 186 F.R.D. at 608.

1. <u>Creating a Workable Rule 16 Order</u>

First, Plaintiffs have not assisted the Court in creating a workable Rule 16 order. Plaintiffs have not included a proposed deadline to amend the pleadings, nor have Plaintiffs described the extent of discovery necessary to bring the two new causes of action under the EFTA. *Cf. Peterson v. JP Morgan Chase Bank*, No. CIVS050423FCDKJM, 2006 WL 8458847, at *2 (E.D. Cal. Mar. 13, 2006) (finding that defendants established diligence in assisting the court in creating a workable Rule 16 order by providing estimated deadlines for discovery). Indeed, neither Plaintiffs nor Defendants have filed a joint status report proposing an updated pretrial and trial schedule, as the Court ordered on December 19, 2024, when granting the stipulation to vacate the remaining pretrial and trial deadlines. *See* (ECF No. 69). This factor weighs against finding good cause.

2. <u>Development of Matters Unforeseen</u>

Second, Plaintiffs do not point to evidence demonstrating their diligent efforts to comply with the August 31, 2024, pleading deadline, or that their noncompliance was due

to developments that could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference.

Courts have previously found good cause to continue the deadline to amend the pleadings due to issues that arise during the course of discovery. For example, the court in *Pres. Techs. LLC v. MindGeek USA, Inc.* found good cause to amend a pretrial scheduling order because the moving party could not have reasonably foreseen, at the time of the Rule 16 scheduling conference, that the non-moving party would delay an unusually large source code production and that technical issues would impact a source code expert's examination of that source code. No. 2:17-cv-08906-DOC-JPR, 2020 WL 10965162, at *3–*4 (C.D. Cal. Nov. 2, 2020). And in *Tavakolian v. Great Am. Life Ins. Co.*, the Court found good cause to amend the scheduling order to allow substitution of class representative plaintiffs based on the lead plaintiff's lack of response to communications from counsel and failure to appear for deposition. No. 5:20-cv-01133-SPG-SHK, 2023 WL 8126867, at *6 (C.D. Cal. June 12, 2023).

Unlike the parties in *Pres. Techs.* and *Tavakolian*, Plaintiffs have not pointed to developments during the course of discovery that give rise to good cause to extend the pleading deadline. Plaintiffs assert that on August 30, 2024, Plaintiffs served Defendants requests for production for "all documents related to the investigation conducted by Defendants regarding the unauthorized access and transfers from Plaintiffs' accounts." (Mot. at 26–27). Yet Plaintiffs do not provide an explanation as to why these requests were served on the eve of the pleading deadline, nor do Plaintiffs describe developments that could not have been reasonably foreseen or anticipated before March 5, 2024, when the Court entered the scheduling order.

Plaintiffs also argue that Defendants' refusal to provide "all documents related to the investigation conducted by Defendants regarding the unauthorized access and transfers from Plaintiffs' accounts" gives rise to claims under the EFTA and Regulation E. (*Id.* at 26–27). Notwithstanding that fact discovery closed on September 30, 2024, *see* (Pretrial Scheduling Order), Defendants' alleged delay in providing the documents is not a

1  "development of matters" unforeseen when the Court entered the Pretrial Scheduling
2  Order. *See Jackson*, 186 F.R.D. at 608.
3      Plaintiffs' EFTA claims rest on the allegations that Defendants BANA and Chase
4  did not provide them with "an explanation of its findings within 3 business days of its
5  investigation, and upon the request of the consumer promptly deliver or mail to the
6  consumer reproductions of all documents which the financial institution replied on to
7  conclude such error did not occur." (Mot. at 26 (quoting 15 U.S.C. § 1693f(d))). However,
8  the factual circumstances that gave rise to this claim began prior to the filing of this action,
9  when Plaintiffs first requested information relating to Defendants' BANA and Chase's
10 investigations. *See* (TAC ¶¶ 44, 45, 47 55, 57); (ECF No. 83-8, Ex. 8); (ECF No. 83-14,
11 Ex. 14). Based on the allegations in the TAC and accompanying exhibits, Plaintiffs could
12 have asserted the EFTA claims before the deadline to amend the pleadings.
13 *See* (TAC ¶¶ 44, 45, 47 55, 57). Instead, Plaintiffs' prior counsel made a strategic decision
14 not to assert the EFTA claims, and Plaintiffs' current counsel cannot now seek to add these
15 claims nearly a year after the deadline to amend the pleadings. *See Alvarado Orthopedic*
16 *Rsch., L.P. v. Linvatec Corp.*, No. 11-cv-0246-IEG-RBB, 2012 WL 6193834, at *3 (S.D.
17 Cal. Dec. 12, 2012) ("[A] shift in litigation strategy does not set forth good cause under
18 Rule 16"). As Plaintiffs have been "aware of the facts and theories supporting amendment
19 since the inception of this action," the Court does not find that there is good cause to add
20 the new EFTA claims based on Defendants BANA and Chase's "refusal to produce
21 documents" during the course of the litigation. (Mot. at 26); *In re W. States Wholesale*
22 *Nat. Gas Antitrust Litig.*, 715 F.3d at 737; *see also MR Techs., GmbH v. W. Digital Techs.,*
23 *Inc.*, No. 8:22-cv-1599-JVS-DFM, 2024 WL 1136133, at *2 (C.D. Cal. Feb. 9, 2024)
24 (denying motion for leave to amend because counsel had a "longstanding awareness" of
25 the underlying documents sought in discovery).

        3.     Diligence in Seeking Amendment

27 Third, Plaintiffs were not diligent in seeking amendment of the Rule 16 order once
28 it became apparent that they could not comply with the order. For example, Plaintiffs did

not move to amend the scheduling order shortly after serving Defendants the requests for production on August 30, 2024, nor have Plaintiffs moved to reopen discovery so that they could obtain documents to support their desired EFTA claims. Plaintiffs indicate that they "intend to file a motion to reopen discovery," (Mot. at 40), but have only recently done so, nearly four months after substituting new counsel.[2] *See Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) ("Defendants waited four months after the substitution of counsel to request leave to amend. Disregarding the serious delay prior to the change of counsel, the four month delay after new counsel was obtained shows Defendants were not diligent."). Plaintiffs have not demonstrated that they were diligent in seeking to amend the scheduling order to continue the deadline for filing amended pleadings.

Plaintiffs request that any lack of diligence by prior counsel for representations and actions (or lack thereof) before May 8, 2025, not be imputed to the current counsel. Plaintiffs argue that prior counsel acted with "gross negligence" during the course of the representation, and that prior counsel "continuously misled" Plaintiffs regarding the procedural developments of the case. (Mot. at 31–36). Specifically, Plaintiffs argue that Prior Counsel "failed to conduct any fact discovery until August 30, 2024," (ECF 90-1 ("Liu Decl.") ¶ 28), "belatedly served Rule 30(b)(6) deposition notices . . . a week before the discovery cut off," (*id.* ¶ 31), waited a week to respond to Defendants' request to meet and confer, (*id.* ¶ 32), failed to "attempt to secure a formal stipulation to extend the discovery cutoff," informing "Plaintiff clients that seeking to reopen discovery would not be necessary or helpful, (*id.* ¶ 39), and "prematurely abandoned the case" on April 24, 2025, (*id.* ¶ 44).[3]

---

[2] Plaintiffs' Motion to Reopen Discovery was filed on September 4, 2025, and is set for hearing on October 8, 2025. (ECF No. 106). As the Motion to Reopen Discovery is not the subject of this Motion, the Court declines to address the issue.

[3] To the extent that Plaintiffs assert that "Prior Counsel deliberately misled [Plaintiffs] and deprived [Plaintiffs] of the opportunity to take action to preserve [their] rights," (ECF No. 90-11 ("Chen Decl.") ¶ 38), "where the litigants are bound by the conduct of their attorneys, the client's remedy is a malpractice case against prior counsel, not starting the litigation anew." *Nguyen v. Mercer Island Boys Basketball Booster Club*, No. 2:23-cv-

Though Plaintiffs' current counsel may not have made the same strategic decisions as prior counsel, "[t]he arrival of new counsel . . . does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow." *Draper v. Rosario*, No. CIV. S-10-0032 KJM, 2013 WL 6198945, at *3 (E.D. Cal. Nov. 27, 2013). The actions of Plaintiffs' prior counsel do not rise to "gross negligence" or "abandonment" to justify good cause to modify the scheduling order. Plaintiffs' prior counsel maintained communications with Plaintiffs, continued to make regular appearances and filings in this case, and filed a Joint Stipulation to Extend the Discovery deadline. *See* (Liu Decl. ¶ 28); (ECF No. 39); (ECF No. 72). Plaintiffs' prior counsel also made "multiple requests" to Defendants for documents related to "the investigation into Plaintiffs' consumer fraud complaints," indicating that prior counsel engaged in at least some discovery prior to their departure from the case. (Liu Decl. ¶ 5). Therefore, the Court cannot find that Plaintiffs' prior counsel was grossly negligent as to have virtually abandoned the case.

Because Plaintiffs have not assisted the Court in creating a workable Rule 16 order, were not diligent in complying with the August 31, 2024, pleading deadline, and were not diligent in seeking amendment of the Rule 16 order once it became apparent that they could not comply, the Court finds that Plaintiffs have not established good cause to modify the scheduling order and permit leave to amend the pleadings.

### B. Leave to Amend

Plaintiffs have not shown diligence to warrant good cause to modify the scheduling order, and thus, the Court does not reach the issue of whether amendment is proper under Rule 15(a)(2). *See Davis v. 630 W. Broadway, LLC*, No. 2:17-cv-07290-ODW-PJW, 2019 WL 2764118, at *2 (C.D. Cal. July 2, 2019) ("As Plaintiffs have not established good cause

---

00855-RSL, 2024 WL 4437782, at *2 (W.D. Wash. Sept. 26, 2024) (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1282 n. 13 (9th Cir. 1980)).

to modify the Scheduling Order [under Rule 16(b)], the Court does not reach the question of whether amendment is proper under Rule 15.").

### C. Judicial Notice

The Court declines to take judicial notice of the document entitled "Compliance Aid – Electronic Fund Transfers FAQs," as Plaintiffs' request for judicial notice relates to the proposed EFTA claims.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion for Leave to Amend.

**IT IS SO ORDERED.**

DATED: September 17, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE